UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RICKEY LYNCH, JERRY FINCH, Jr., DAMIEN R, SMALL,
LEROY C. JONES, CHARLES WHIDBEE, THEODORE
DAVIS, MACK BUTLER, EDDIE M. SIMMS, DALLAS
JOHNSON, CHRISTOPHER SYDNOR, DONDI W.
JACKSON, FELIPE ROVELO, ROBERT BERNHARD,
ADMA WILLIAMS, JOSEPH POTTER Jr., DONALD
BANGS, EDWARD KEYES, JASON COOPER, KEVIN
M. MASSEY, DARRYL ISAAC, DONNELL STENGLE,
THOMAS HARPER, KEVIN KING, CALVIN FELDER,
CHESTER INGRAM, HOWARD DAVIS, ANDREW
ZEIGLER, On Behalf of Themselves and All other simiarly
situated plaintiffs;

                                    Plaintiffs,

-against-

VINCENT F. DeMARCO, Individually and his Official
Capacity, as Sheriff of Suffolk County; JOHN DOE,
SUPERINTENDENT Of Suffolk County Jails; et al,

                                    Respondents.
-------------------------------------------------------------------X

Index No. CV-11-2602 (JS)(ARL)

AMENDED CLASS ACTION
COMPLAINT PURSUANT TO
RULES 15(a); 23(a) (4)

**JURY TRIAL DEMAND**

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N Y

★ JUN 17 2011 ★

LONG ISLAND OFFICE

**NOW COME** plaintiffs, by their representative, RICKEY LYNCH, and for their class action, Complaint against defendants, allege and states as follows.

**NATURE OF ACTION**

1. This is an action brought by and on behalf of pretrial detainees, and inmates, who under color of law of certain employees, were subjected by the members of the Suffolk County Sheriff Department, who failed to follow proper procedures on sanitary conditions of their employement herein mentioned, that cause various health damages of the individuals plaintiffs and other inmates housing in the Suffolk County Jails facility, that including exposure to unreasonably, rusty drinking water from plaintiffs cells, serious fungus and black mole, and rust on shower walls, that toilets in plaintiff's cells, when flush, disposes bodily waste from one plaintiffs cell, that seeks into the next plaintiffs toilets in their cells, are in violations of plaintiffs constitutional rights.

RECEIVED
JUN 17 2011
EDNY PRO SE OFFICE

## JURISDICTION AND VENUE

2. This action seeks injunctive relief and monetary damages for violations of the rights, privileges and immunities secured under the Eighth, and Fourteenth Amendments to the Constitution of the United States and Title 42 U.S.C. 1983.

3. Jurisdiction of this Court arises under Title 28 U.S.C. 1343 and Title 28 U.S.C. 1331.

4. Venue is proper in the Eastern District of New York, since the acts and transactions complained of herein all occurred within this District.

## CLASS ACTION ALLEGATIONS

5. (a) Plaintiffs bring this action as a class action pursuant to Rule 23 (b) (2) and Rule 23 (b) (3) of the Federal Rules of Civil Procedure.

(b) The class consists of all pretrial detainees, and other inmates, who were detained by the Suffolk County Sheriff Department, who were subjected to unsanitary and unhealthful conditions.

(c) The class is so numerous that joinder of all persons is impracticable. Plaintiffs are informed and believe that at least most or all pretrial detainees and other inmates, detained in custody at the Suffolk County Correctional Facility called the Farm, located in Yaphank, County of Suffolk New York, were both subjected to unsanitary conditions, that are health hazardous issues.

Based upon that information, plaintiffs believe that the class probably numbers well over fifteen hundred persons.

(d) Plaintiffs Rickey Lynch, the representative of the class, has formal training in the law, as School Records can reveal, he study to be a paralegal at Clinton Community College, class of 1999, and graduate in 2003, in Upstate New York, successfully. Plaintiff Rickey Lynch, will fairly and adequately protect the interest of all class members, as they are members of the class and their claims are typical of the claims of all class members. Each of the plaintiffs class members, will aggressively pursue the interest of the entire class. plaintiffs interest in obtaining injunctive relief and monetary damages for the violations of constitutional rights and privileges are consistent with and not antagonist to those of any person within the class.

(e) The common questions of law and facts include:

(i) Whether defendants had a policy and practice to maintain a County Jail under New York law 217, for pretrial detainees health and safety and welfare as well as convicted inmates.

(ii) Whether the supervisory defendants had knowledge of the physical conditions that have deteriorated and poses a serious threat to the safety of all plaintiffs and other inmates who house in thier facility.

(iii) Whether the conduct alleged herein is in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C. 1983.

(iv) Whether plaintiffs and members of the plaintiff class are entitled to an award of compensatory or punitive damages.

(f) The unsanitary condition on four east north and south housing units, upon all members of the plaintiffs class that constituted deliberate indifference, and crule and unusual punishment that were conduct pursuant to long-established plan, policy or procedure of the Suffolk County Sheriff Department.

(g) A class action is superior to other available methods for the fair and efficient adjudication of the controversy in that:

(i) A multiplicity of suit with consequent burden on the court's and defendants should be avoided.

(ii) it would be virtually impossible for all class members to intervene as parties-plaintiffs in this action.

(iii) upon adjudication of defendants liability, claims of the class members can be determined by this court.

### THE  PARTIES

6. At all times relevant and material to this case, all plaintiffs herein mentioned are all citizens of the United States who are detained in custody by the Suffolk County sheriff Department.

7. Defendants are as follows:

(a) **THE COUNTY OF SUFFOLK** is a municipal corporation and, as such, is responsible for the policies, procedures, and practices implemented through its various agencies and agents and for injury occasioned thereby.

(b) Vincent F. DeMarco, is a member as the Suffolk County Sheriff, of the Sheriff Department. His duties, as defined by law, included the promulgation and adoption of rules and regulations and general and special orders for the governance of the Suffolk County Sheriff Department and including the policies, procedures, and practices described herein.

(c) Defendant John Doe, who name are presently unknown to plaintiffs, is the Superintendent of the Suffolk County Sheriff Department, County of Suffolk, and as such, is and has been responsible for the promulgation and implementation of Sheriff policies, procedures and practices in the County of Suffolk, including the policy procedures and practice of sanitation and safety

and health of all pretrial detainees and inmates who are convicted in the custody of the Suffolk County sheriff Department.

## ALLEGATIONS OF WRONGFUL CONDUCT

8. For at least five months prior to and continuing at the time of the filing of this Complaint, defendants County of the Suffolk Sheriff Department denied the plaintiffs safe and sanitary showers, is a jail condition. Most of the plaintiffs have developed a severe case of unknown infection in their feets, resulting from sludge, backing up through the shower drain and touching plaintiffs foot. Moreover, most of the plaintiffs has developed infections in their fingernails, resulting from cleaning the shower on four east north housing unit with soap, because none of the correction officers, will not pass out any gloves or disinfectants or cleaners solution to clean the rusty showers that consist of black mole, fungus, and mildew that unknown, cause most of the plaintiffs with athlete foot, skin rashes, and other dermatological reactions.

9. Defendants have not made any progress in providing any cleaning and sanitizing solution, as of this complaint, or assigning staff to sanitation inspections, to see these damaged areas, to make some kind of structural repairs to the shower in four east north and south housing units, as well as the entirety of the whole jail. Plaintiffs complaint to defendants about the unsafe and unsanitary shower conditions, and they ignore the issues herein mentioned. Plaintiffs will supply this court with a sample of what plaintiffs are expose to herein mentioned ( See Exhibit (A).

10. That Defendants are aware of periods of water discoloration between January 8, 2011, to May 31, 2011, and at present of this Complaint, each lasting one to several days.

11. That none of the defendants has taken any steps to remedy these issues, in which the defendants failure to ameliorate the water problem at the Suffolk County Sheriff Correctional Department, that the plaintiffs have no choice but to drink the brown rusty waters that reveals some organic and inorganic contamination, with rust particles, and iron in plaintiffs drinking cups.

12. That since the present of this Complaint herein mentioned, the toilets in the plaintiffs cells in four east north and south housing units, when flushed, disposes bodily waste, from one plaintiffs cell toilet, that seeks into the next plaintiff cell toilet. That some of the plaintiffs toilets don't work properly, by not flushing at all, which plaintiffs are force to hold their bodily waste, do to the next day, do to serious plumbing problem herein mentioned, at Suffolk County Correctional Department, on four east north and south housing areas.

13. That defendants ignore these plumbing problems that the plaintiffs complaint herein mentioned, are force to the smell of fumes from backup of bodily waste, that plaintiffs receive numerous headaches, and stomach aches, being lock in their cells, do to the waste of another plaintiffs toilet, that seeks into others plaintiffs cells toilets.

**THE VIOLATIONS**

14. The policies, procedures, practices, and acts of the defendants alleged in paragraphs 9 - 13, above, violated the rights of plaintiffs and members of the class under the Eighth and Fourteenth Amendments to the Constitution of the United States and, therefore, are violative of Title 42 U.S.C. 1983 as follows:

(a) The guarantee of humane conditions of confinement is found in the Due Process Clause of the Fourteenth Amendment for pre-trial detainees and in the cruel and unusual punishment clause of the Eighth Amendment of convicted inmates of the plaintiffs and members of the class.

(b) The unsanitary toilet facilities, contaminated drinking water and exposed to a rusty shower that contained black mole, and mildew, with sludge backing up through the shower drain, constituted rights of plaintiffs and members of the class to 8th, and 14, Amendments rights.

(c) The toilets in plaintiffs cell when feces of one inmates bubbled up into the next plaintiffs cell constitute a serious health hazard, and no one in civilized society should be force to live under conditions that force exposure to another person's bodily wastes, that constituted substantial risk of serious harm of the plaintiffs and members of the class under the Eighth and fourteenth Amendment rights.

(d) The shower conditions is the standard for evaluating the jail conditions, that the shower was never properly repaired, or cleaned during plaintiffs periods of incarceration, even though plaintiffs had told each of the Defendants about the shower conditions, and plaintiffs and other inmates that suffered harm health and safety, due to the shower conditions show that the defendants knew of and disregarded an excessive risk to plaintiffs and members of the class created deliberated indifference under the Eighth and Fourteenth Amendment rights.

(e) That since the filing of this Complaint, throughout plaintiffs herein mentioned confinement, at four east north and south housing units, the plaintiffs and other members of the class have been expose to serious illness by drinking rusty brown water with visible iron and rust particles that cause the plaintiffs and other members of the class an attack of Dysentery health effect issues, filthy rusty showers conditions that cause plaintiffs bacteria infections, and toilets in plaintiffs cell when flush, feces bubbled up into the next plaintiffs cells toilets, and defendants have maintained throughout plaintiffs and other members of the class confinements of these problems, by ignoring Grievance and Complaints from plaintiffs and other members of the class, in violations of plaintiffs and members of the class, Eighth and Fourteenth Amendment rights.

(f) It is undisputed in Court's, that in the prison context, the prison facility and the County that manages it, owes a duty to its inmates to maintain its property in a reasonably safe condition in view of all the aforesaid circumstances herein mentioned,, and as plaintiffs and other members of the class are pre-trial detainee of the Suffolk County Correctional Center,

Suffolk County owed plaintiffs a duty to maintain its facility in a reasonably safe conditions as well.

**WHEREFORE,** Plaintiffs prays that this Court enter an Order:

1. Finding that this action should proceed as a class action under Rule 23, Federal Rules of Civil Procedure;

2. Awarding damages to plaintiffs and members of the class and against defendants seeking injunctive relief and regulatory interest in the amount of $425 million dollars, jointly and severally, for compensatory and punitive damages in their individually and offical capacity for the pain and suffering of plaintiffs and other members of the class.

3. Awarding plaintiffs and the class their cost of suit and their attorney's fees, under Title 42 U.S.C. 1988;

4. awarding such other and further relief that this court may deem just and proper.

Dated: Suffolk County, New York
June 15, 2011.

Respectfully submitted
By: *[signature]*
Rickey Lynch, Representative of class
Suffolk County Correctional Facility
Riverhead New York, 11901

Exhibit A
mold Sample
Filed as a
hard copy