```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RICKY LYNCH, JERRY FINCH, JR.,
DAMIEN R. SMALL, LEROY C. JONES,
CHARLES WHIDBEE, THEODORE DAVIS,
MACK BUTLER, EDDIE M. SIMS, DALLAS
JOHNSON, CHRISTOPHER SYDNOR,
DONDI W. JACKSON, FELIPE ROVELO,
ROBERT BERNHARD, ADAM WILLIAMS,
JOSEPH POTTER, JR., DONALD BANGS,
EDWARD KEYES, JASON COOPER,
KEVIN M. MASSEY, DARRYL ISSAC,                        ORDER
CALVIN FELDER, ANDREW ZEIGLER,                        11-CV-2602(JS)(ARL)
CHESTER INGRAM, DONNELL STENGLE,
KEVIN KING, HOWARD DAVIS,
and THOMAS HARPER,

                    Plaintiffs,

        -against-

VINCENT F. DEMARCO, individually and
in his official capacity as Sheriff
of County, JOHN DOE and JANE DOE,
individually and in their official
capacity as Superintendent of Suffolk
County,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiffs:     Ricky Lynch, 092440, Pro Se
                    Jerry Finch, Jr., 129721, Pro Se
                    Damien R. Small, 398042, Pro Se
                    Leroy C. Jones, 561389, Pro Se
                    Charles Whidbee, 427429, Pro Se
                    Theodore Davis, 458723, Pro Se
                    Mack Butler, 217709, Pro Se
                    Eddie M. Sims, 214999, Pro Se
                    Dallas Johnson, 226119, Pro Se
                    Christopher Sydnor, 386633, Pro Se
                    Dondi W. Jackson, 614336, Pro Se
                    Felipe Rovelo, 307673, Pro Se
                    Robert Bernhard, 461440, Pro Se
                    Adam Williams, 420457, Pro Se
                    Joseph Potter, Jr., 593845, Pro Se
```

```
                    Donald Bangs, 461230, Pro Se
                    Edward Keyes, 642771, Pro Se
                    Jason Cooper, 410349, Pro Se
                    Kevin M. Massey, 475278, Pro Se
                    Darryl Issac, 609461, Pro Se
                    Calvin Felder, 883549, Pro Se
                    Andrew Zeisler, 145163, Pro Se
                    Chester Ingram, 482062, Pro Se
                    Donnell Stengle, 390859, Pro Se
                    Kevin King, 436156, Pro Se
                    Howard Davis, 459277, Pro Se
                    Thomas Harper, 398810, Pro Se

                    SUFFOLK COUNTY CORRECTIONAL FACILITY
                    100 Center Drive
                    Riverhead, NY 11901

For Defendants:     Arlene S. Zwilling
                    Suffolk County Attorney's Office
                    H. Lee Dennison Building, Fifth Floor
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788-0099
```

SEYBERT, District Judge:

The Court is in receipt of Defendants' letter dated July 26, 2011 requesting that the Court: (1) dismiss this action for lack of prosecution against the seven Plaintiffs who have failed to keep their addresses current; (2) dismiss this action against any Plaintiff who does not sign the Complaint within thirty [30] days; and (3) to set a briefing schedule for Defendants' proposed 12(b)(6) motion. Defendants' motion is GRANTED IN PART and DENIED IN PART.

I. <u>Dismissal for Lack of Prosecution</u>

Defendants assert that seven of the Plaintiffs named in the Amended Complaint have been discharged from the Suffolk

County Correctional Facility and have failed to apprise the Court of their new addresses. The Court is in receipt of letters from the Suffolk County Sheriff dated which advise the Court that:

- Plaintiff Theodore Davis was discharged from custody on May 23, 2011 [Docket No. 126];

- Plaintiff Charles Whidbee was discharged from custody on May 31, 2011 [Docket No. 129];

- Plaintiff Darryl Isaac was discharged from custody on May 20, 2011 [Docket No. 130];

- Plaintiff Joseph Potter, Jr. was discharged from custody on May 19, 2011 [Docket No. 131];

- Plaintiff Felipe Rovelo was discharged from custody on May 16, 2011 [Docket No. 132]; and

- Plaintiff Christopher Sydnor was discharged from custody on May 27, 2011 [Docket No. 133].

The Court has not received any notice of change of address from any of the above Plaintiffs.[1] Defendants ask this Court to dismiss this action for failure to prosecute against those Plaintiffs who have failed to keep their addresses current.

"Courts have repeatedly recognized that dismissal [under FED. R. CIV. P. 41(b)] for failure to prosecute is

---

[1] Defendants also assert that Calvin Felder and Donnell Stengle have been discharged from Suffolk County Correctional Facility and have not provided a new address. This appears to be incorrect. The Court is in receipt of two letters from the Suffolk County Sheriff [Docket Nos. 110, 115] indicating that they are, in fact, still incarcerated at the Suffolk County Correctional Facility.

3

appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached." Fate v. Doe, No. 07-CV-9256, 2008 WL 1752223, at *2 (S.D.N.Y. Apr. 16, 2008), adopted by 2008 WL 2661928 (S.D.N.Y. July 7, 2008); see also Dong v. United States, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) (finding that "the very fact that Dong has been inaccessible for the last two months-without notifying the Court, the Government, or the Pro Se Office of a change of address-strongly suggests that he is not diligently pursuing this claim"); Ortiz v. United States, No. 01-CV-4665, 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002) (dismissing complaint where "[p]laintiff has not even fulfilled his minimal obligation to keep the pro se office of this Court informed of his change of address").; Dumpson v. Goord, No. 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004) ("The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.").

However, Rule 41(b) dismissal is a harsh remedy to be used only in extreme circumstances, see LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001), and "courts should be especially reluctant to dismiss for failure to prosecute where the plaintiff is acting or appearing pro se," Washington v. City of N.Y. Dep't of Corr., No. 08-CV-5978, 2010

WL 3199680, at *2 (S.D.N.Y. Aug. 12, 2010) (citing Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam). As such, the Court thinks that dismissal is premature, and Defendants' motion to dismiss for lack of prosecution is DENIED with leave to re-file. However, the Court ORDERS Davis, Whidbee, Isaac, Potter, Rovelo and Sydnor to provide the Court with a current address by August 30, 2011, and all Plaintiffs are warned that failure to keep the Court apprised of their current address will result in their dismissal as Plaintiffs with prejudice.

II. Dismissal for Failing to Sign the Complaint

Defendants also ask the Court to dismiss this action against any Plaintiff who does not sign the Amended Complaint within thirty [30] days. The Court notes that the Plaintiffs named in the original Complaint all signed that document and that the Plaintiffs seeking to be joined all signed the motion for joinder. However, the Amended Complaint, filed on June 17, 2011 is only signed by Ricky Lynch. Pursuant to FED. R. CIV. P. 11(a), "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record . . . or, if the party is not represented by an attorney, shall be signed by the party." Since a non-attorney pro se party may not represent another's interests, see Iannacone v. Law, 142 F.3d 553, 558 (2d Cir. 1998), every pro se Plaintiff must sign the Amended

5

Complaint. Therefore, Defendants' request is GRANTED. Plaintiffs are ORDERED to file a copy of the June 17, 2011 Amended Complaint, signed by each of the twenty-seven named Plaintiffs, by August 30, 2011. The Court is aware that there is a pending motion to amend the Amended Complaint to add four additional plaintiffs--Daryl Miller, Dewayne Butler, Keith King and Ray Kelly. [Docket No. 67.] Miller, Butler, King and Kelly should <u>not</u> sign the Amended Complaint. The motion for joinder has not yet been decided[2] so they are not Plaintiffs in this action. Only the twenty-seven Plaintiffs named in the June 17, 2011 Amended Complaint must sign the copy to be returned to the Court by August 30, 2011. Any of those Plaintiffs who do not sign the Amended Complaint by that date will be dismissed from this action.

III. <u>Request to Set a Briefing Schedule</u>

Defendants also ask this Court to set a briefing schedule for their proposed Rule 12(b)(6) motion. The Court agrees with Defendants that a briefing schedule would be appropriate in this case in order to give Plaintiffs sufficient time to respond, but this request is premature. The parties are directed to report back to the Court after August 30, 2011 with a proposed briefing schedule.

---

[2] That motion is still being considered by the Court and will be decided in due course.

6

CONCLUSION

Defendants' motion to dismiss is DENIED with leave to re-file after August 30, 2011. Plaintiffs David, Whidbee, Isaac, Potter, Rovelo and Sydnor are ORDERED to provide the Court with an updated address by August 30, 2011. All Plaintiffs are ORDERED to file a copy of the Amended Complaint signed by each of the twenty-seven named Plaintiffs. The Clerk of the Court is directed to mail a copy of this Order and a copy of the Amended Complaint [Docket No. 49] to pro se Plaintiff Ricky Lynch. The Clerk of the Court is also directed to mail a copy of this Order to all pro se Plaintiffs.

SO ORDERED

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   July 29, 2011
         Central Islip, New York