```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RICKEY LYNCH, JERRY FINCH, JR.,
DAMIEN R. SMALL, LEROY C. JONES,
CHARLES WHIDBEE, THEODORE DAVIS,
MACK BUTLER, EDDIE M. SIMS, DALLAS
JOHNSON, CHRISTOPHER SYDNOR,
DONDI W. JACKSON, FELIPE ROVELO,
ROBERT BERNHARD, ADAM WILLIAMS,
JOSEPH POTTER, JR., DONALD BANGS,
EDWARD KEYES, JASON COOPER,
KEVIN M. MASSEY, DARRYL ISAAC,          MEMORANDUM & ORDER
CALVIN FELDER, ANDREW ZEIGLER,          11-CV-2602(JS)(ARL)
CHESTER INGRAM, DONNELL STENGLE,
KEVIN KING, HOWARD DAVIS,
and THOMAS HARPER,

                    Plaintiffs,

        -against-

VINCENT F. DEMARCO, individually and
in his official capacity as Sheriff
of Suffolk County, JOHN DOE and JANE
DOE, individually and in their official
capacity as Superintendent of Suffolk
County,

                    Defendants.
----------------------------------------X
```
APPEARANCES:
For Plaintiffs:        Rickey Lynch, 092440, pro se
                       Leroy C. Jones, 561389, pro se
                       Charles Whidbee, 427429, pro se
                       Mack Butler, 217709, pro se
                       Dallas Johnson, 226119, pro se
                       Christopher Sydnor, 386633, pro se
                       Dondi W. Jackson, 614336, pro se
                       Adam Williams, 420457, pro se
                       Joseph Potter, Jr., 593845, pro se
                       Jason Cooper, 410349, pro se
                       Calvin Felder, 583549, pro se
                       Andrew Zeigler, 145163, pro se
                       Kevin King, 436156, pro se
                       Howard Davis, 459277, pro se
                       Thomas Harper, 398810, pro se

Suffolk County Correctional Facility
100 Center Drive
Riverhead, NY 11901

Jerry Finch, Jr., 11A3785, pro se
Downstate Correctional Facility
Red Schoolhouse Road, Box F
Fishkill, NY 12524

Damien R. Small, 11-A-2159, pro se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

Theodore Davis, pro se
22 Bogart St
Huntington Station, NY 11746

Eddie M. Sims, pro se
4 Ronek Drive
Amityville, NY 11701

Felipe Rovelo, 11R1687, pro se
Groveland Correctional Facility
P.O. Box 50
Sonyea, NY 14556

Robert Bernhard, pro se
104 Highview Dr
Selden, NY 11784

Donald Bangs, 11R2402, pro se
Cape Vincent Correctional Facility
Route 12E
P.O. Box. 739
Cape Vincent, NY 13618

Edward Keyes, 11R2324, pro se
Chester Ingram, 11R2266, pro se
Mohawk Correctional Facility
6100 School Road
P.O. Box 8451
Rome, NY 13442

Kevin M. Massey, 403942, pro se

```
                         Columbia Correctional Institution Annex
                         253 S.E. Corrections Way
                         Lake City, FL 32025

                         Darryl Isaac, pro se
                         P.O. Box 386
                         Central Islip, NY 11722

                         Donnell Stengle, 10R0502, pro se
                         Willard Drug Treatment Campus
                         7116 County Road 132
                         P.O. Box 303
                         Willard, NY 14588

For Defendants:          Arlene S. Zwilling, Esq.
                         Suffolk County Attorney's Office
                         H. Lee Dennison Building, Fifth Floor
                         100 Veterans Memorial Highway
                         P.O. Box 6100
                         Hauppauge, NY 11788-0099
```

SEYBERT, District Judge:

This Memorandum and Order addresses the following four issues: (1) Plaintiffs' motion for joinder (Docket Entry 67), dated June 30, 2011; (2) Plaintiffs' "Supplemental Amended Complaint," (Docket Entry 155), dated July 27, 2011; (3) the Court's Order (Docket Entry 152), dated July 29, 2011, ordering all Plaintiffs to sign the Amended Complaint; and (4) four motions for reconsideration (Docket Entries 191-94), filed on August 9, 2011. The Court will briefly discuss this case's convoluted procedural history before turning to the merits of the pending requests.

BACKGROUND

On May 27, 2011, Rickey Lynch, an inmate at the Suffolk County Correctional Facility ("SCCF"), commenced this action under 42 U.S.C. § 1983 on behalf of himself, nineteen other Plaintiffs incarcerated at the SCCF,[1] and all others similarly situated. (Docket Entry 1.) On June 17, 2011, Rickey Lynch filed an Amended Complaint, naming seven additional Plaintiffs incarcerated at the SCCF[2] and seeking class certification. (Docket Entry 49.) Only Rickey Lynch signed the Amended Complaint. On June 23, 2011, the Court denied the request for class certification and granted in forma pauperis status to all Plaintiffs named in the Amended Complaint. (Docket Entry 62.) The Court hereafter refers to all individuals named as Plaintiffs in the Amended Complaint as the "Current Plaintiffs."

---

[1] Those individuals are Kevin Massey, Jerry Finch, Dallas Johnson, Mack Butler, Eddie Sims, Adam Williams, Donald Bangs, Robert Bernhard, Felipe Rovelo, Damien Small, Theodore Davis, Christopher Sydnor, Dondi Jackson, Edward Keyes, Joseph Potter, Jr., Daryl Isaac, Charles Whidbee, Leroy Jones and Jason Cooper.

[2] Those individuals are Calvin Felder, Andrew Zeigler, Chester Ingram, Donnell Stengle, Kevin King, Howard Davis and Thomas Harper.

On June 30, 2011, Rickey Lynch filed a motion to join four additional Plaintiffs ("Joinder Plaintiffs").[3] (Docket Entry 67.) Each of the Joinder Plaintiffs signed the motion, but none signed a copy of the Amended Complaint.

On July 26, 2011, Defendants moved to dismiss the claims of all Current Plaintiffs who (1) failed to keep their addresses current and (2) failed to sign the Amended Complaint. (Docket Entry 145.) On July 29, 2011, the Court denied Defendants' motion to dismiss, but ordered the Current Plaintiffs to file a signed copy of the Amended Complaint by August 30, 2011. (Docket Entry 152.) On August 30, 2011, the deadline for filing a signed copy of the Amended Complaint was extended to September 30, 2011. (Docket Entry 217.)

I. Motion for Joinder

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[a] court should freely give leave [to amend] when justice so requires." "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

---

[3] Those individuals are Daryl Miller, Dewayne Butler, Keith King and Ray Kelly.

The Court notes that Defendants do not oppose the motion. Thus, seeing no good reason to deny leave in this case, the Court GRANTS Plaintiffs' motion for joinder. The Joinder Plaintiffs are hereby ORDERED to file a signed copy of the Amended Complaint, filed by Rickey Lynch on June 17, 2011 (Docket No. 49), by November 18, 2011.

The Court will not provide copies of the Amended Complaint to the Joinder Plaintiffs to sign, as the Court cannot act as an intermediary between the parties. They must either coordinate with the Current Plaintiffs to obtain a copy of the Amended Complaint or request a copy by sending a letter to the Central Islip Pro Se Office, United States District Court, Eastern District of New York, PO Box 9014, Central Islip, New York 11722. The letter must include the case number (11-CV-2602), a request for the Amended Complaint at Docket Entry 49, and a check for $4.50.[4]

Upon receipt of an Amended Complaint with each of the Joinder Plaintiffs' signatures, the Court will direct the Clerk of the Court to add Daryl Miller, Dewayne Butler, Keith King and Ray Kelly as Plaintiffs in this matter. If any of the Joinder Plaintiffs fails to file a signed copy of the Amended Complaint

---

[4] Copies of documents are billed at $0.50 per page, and the Amended Complaint is nine pages.

by November 18, 2011, they will not be added as a Plaintiff in this matter.

II. "Supplemental Amended Complaint"

On July 27, 2011, Rickey Lynch filed a "Supplemental Amended Complaint" (Docket Entry 155) seeking to add seven additional Plaintiffs ("Supplemental Plaintiffs").[5] However, on that same date, each of the Supplemental Plaintiffs filed individual complaints asserting the same causes of action and seeking identical relief as the Supplemental Amended Complaint.[6]

Although leave to amend should be freely granted, a Court has discretion to deny leave if an amendment would be futile. See McCarthy, 482 F.3d at 200. Here, the Court finds that amendment would be futile because "[a]s a general rule, where there are two competing lawsuits, the first suit should have priority" and the second suit should be dismissed. Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 274-75 (2d Cir. 2008). "This rule embodies considerations of judicial

---

[5] Those individuals are Hasheen Mclaurin, Andrew Williams, Wesley Jones, Shati Roy, Quintelle Hardy, Mark Phipps and Dashaun Sims.

[6] See Mclaurin v. DeMarco, No. 11-CV-3711 (E.D.N.Y. July 27, 2011); Williams v. DeMarco, No. 11-CV-3712 (E.D.N.Y. July 27, 2011); Jones v. DeMarco, No. 11-CV-3713 (E.D.N.Y. July 27, 2011); Roy v. DeMarco, No. 11-CV-3714 (E.D.N.Y. July 27, 2011); Hardy v. DeMarco, No. 11-CV-3716 (E.D.N.Y. July 27, 2011); Phipps v. DeMarco, No. 11-CV-3717 (E.D.N.Y. July 27, 2011); Sims v. DeMarco, No. 11-CV-3718 (E.D.N.Y. July 27, 2011).

administration and conservation of resources by avoiding duplicative litigation and honoring the plaintiff's choice of forum." Id. at 275.

Therefore, the Court will not permit the Supplemental Plaintiffs to proceed as Plaintiffs in two identical suits, and the request to join the Supplemental Plaintiffs in the Supplemental Amended Complaint is DENIED. These individuals may litigate their claims in their respective suits. As such, the Amended Complaint filed on June 17, 2011 (Docket Entry 49) remains the operative complaint.

III. Compliance with the July 29, 2011 Order

Pursuant to the Court's Orders of July 29 and August 30, 2011, the Current Plaintiffs were required to file a signed copy of the Amended Complaint by September 30, 2011. (Docket Entries 152, 217.) To date, the Court has received signed copies of the Amended Complaint from the following Plaintiffs:

- Rickey Lynch (Docket Entry 190)
- Leroy C. Jones (Docket Entry 190)
- Mack Butler (Docket Entry 190)
- Adam Williams (Docket Entry 190)
- Jason Cooper (Docket Entry 190)
- Calvin Felder (Docket Entry 190)
- Andrew Zeigler (Docket Entries 190, 241-1)
- Kevin King (Docket Entries 190, 241-1)
- Howard Davis (Docket Entries 190, 241-1)
- Thomas Harper (Docket Entry 190)
- Jerry Finch, Jr. (Docket Entry 190)

- Damien R. Small (Docket Entry 218)
- Eddie M. Sims (Docket Entry 190)
- Edward Keyes (Docket Entry 221)
- Chester Ingram (Docket Entry 221)
- Donnell Stengle (Docket Entry 214)

Dallas Johnson filed a letter on August 29, 2011 (Docket Entry 219) stating that he was unable to sign the Amended Complaint but that the "foregoing is my signature that should appear on that Complaint." This is insufficient. Each Plaintiff is required to sign the Amended Complaint to confirm that he has read it, is familiar with its contents, and wishes to proceed with the lawsuit as outlined therein. There is no indication that Mr. Johnson has even seen the Amended Complaint, let alone is familiar with its contents. If Mr. Johnson wishes to proceed as a Plaintiff in this action, he, like the Joinder Plaintiffs, must either coordinate with the Current Plaintiffs to obtain a copy of the Amended Complaint or request a copy by sending a letter to the Central Islip Pro Se Office as explained above. If the Court does not receive a signed copy of the Amended Complaint from Mr. Johnson by November 18, 2011, he will be dismissed as a Plaintiff in this action.

The Court will also grant an extension to file a signed copy of the Amended Complaint to Theodore Davis, Felipe Rovelo, Robert Bernhard, Donald Bangs, and Darryl Isaac. These

individuals never received a copy of the Court's July 29, 2011 Order: the copies that were mailed to their addresses of record at the SCCF were returned to the Court as undeliverable because they had all been discharged. (Docket Entries 179, 180, 181, 182, 206.[7]) But since being discharged, they have all been diligently keeping the Court informed of their current addresses. (Docket Entries 163, 195, 196, 203, 206.) Therefore, these individuals also have until November 18, 2011 to file a signed copy of the Amended Complaint or they will be dismissed as Plaintiffs in this action.

The Court also grants Kevin Massey this extension. The docket indicates that the Pro Se Office received papers from Mr. Massey on September 22, 2011, but returned them because they had not been served on opposing counsel. (Docket Entry 239.) The Court assumes that this September 22 mailing contained a signed copy of the Amended Complaint, and thus Mr. Massey also has until November 18, 2011 to re-file his signed copy of the Amended Complaint, or he, too, will be dismissed as a Plaintiff in this action. All Plaintiffs are warned that the Clerk's

---

[7] Theodore Davis's copy was not returned because he notified the Court of his post-release address and it was mailed there instead of to the SCCF. (Docket Entry 136.) However, he later updated his address again to his grandmother's house (Docket Entry 206) because he was not receiving mail at the previously-provided address.

Office **will return without filing any papers that do not indicate that they have been served on opposing counsel**.

The Court's July 29, 2011 Order also warned all Plaintiffs that failure to keep the Court apprised of their current addresses will result in their dismissal as Plaintiffs. (Docket Entry 152.) In particular, the Court ordered Charles Whidbee, Christopher Sydnor, Joseph Potter, Jr., Theodore Davis, Darryl Isaac and Felipe Rovelo to provide the Court with an updated address, as all mailings were returned to the Court as undeliverable. While Messrs. Davis, Isaac and Rovelo updated the Court and complied with its Order, Messrs. Whidbee, Sydnor, and Potter have not. Thus, they are hereby DISMISSED as Plaintiffs in this matter under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Dondi Jackson has also failed to update the Court of his current address or file a signed copy of the Amended Complaint, so he is also DISMISSED as a Plaintiff in this matter.

In sum, the following individuals are GRANTED an extension to November 18, 2011 to file a signed copy of the Amended Complaint:

- Dallas Johnson
- Theodore Davis
- Felipe Rovelo
- Robert Bernhard

- Donald Bangs
- Kevin Massey

And the following individuals' claims are DISMISSED:

- Charles Whidbee
- Christopher Sydnor
- Joseph Potter, Jr.
- Dondi Jackson

The remaining Current Plaintiffs have fully complied with the Court's Order and are not required to take any additional action at this time.

IV. <u>Motions for Reconsideration</u>

Also pending before the Court are four motions for reconsideration filed by Rickey Lynch (Docket Entry 191), Calvin Felder (Docket Entry 192), Leroy C. Jones (Docket Entry 193), and Jason Cooper (Docket Entry 194). Although these motions are titled "motions for reconsideration," they are not seeking relief from any judgment nor are they asking the Court to review or reconsider any of its prior orders.

Rather, the motions ask the Court to "consider updated new information" with respect to the moving Plaintiff's injuries and summarize potential witnesses' trial testimony and the content of trial exhibits. The Court has previously explained that it does not engage in discovery and that neither party is entitled to submit evidence to the Court at this stage of the

litigation. (Docket Entry 153.) As such these motions are DENIED.

## CONCLUSION

For the foregoing reasons, the Court:

1. GRANTS Plaintiffs' motion for joinder, and ORDERS Daryl Miller, Dewayne Butler, Keith King and Ray Kelly to file a signed copy of the Amended Complaint by November 18, 2011;

2. DENIES Plaintiff's request to join seven additional Plaintiffs in a "Supplemental Amended Complaint;"

3. GRANTS Dallas Johnson, Theodore Davis, Felipe Rovelo, Robert Bernhard, Donald Bangs and Kevin Massey an extension to November 18, 2011 to file a signed copy of the Amended Complaint;

4. DISMISSES Charles Whidbee, Christopher Sydnor, Joseph Potter, Jr., and Dondi Jackson as Plaintiffs; and

5. DENIES the pending motions for reconsideration.

The time for Defendants to Answer or otherwise respond to the Amended Complaint is hereby extended to November 28, 2011.

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to each of the pro se Plaintiffs.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED: October  7 , 2011
Central Islip, NY