```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RICKY LYNCH, JERRY FINCH, JR.,
DAMIEN R. SMALL, LEROY C. JONES,
THEODORE DAVIS, MACK BUTLER, EDDIE M.
SIMS, DALLAS JOHNSON, FELIPE ROVELO,
ROBERT BERNHARD, ADAM WILLIAMS,
DONALD BANGS, EDWARD KEYES, JASON COOPER,
KEVIN M. MASSEY, DARRYL ISSAC, CALVIN         MEMORANDUM AND ORDER
FELDER, ANDREW ZEIGLER, CHESTER INGRAM,       11-CV-2602(JS)(ARL)
DONNELL STENGLE, KEVIN KING, HOWARD DAVIS,
THOMAS HARPER, DARYL MILLER, DEWAYNE
BUTLER, KEITH KING, and RAY KELLY,

                    Plaintiffs,

       -against-

VINCENT F. DEMARCO, individually and
in his official capacity as Sheriff
of County, JOHN DOE and JANE DOE,
individually and in their official
capacity as Superintendent of Suffolk
County,

                    Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiffs:     Mack Butler, 217709, Pro Se
                    Jason Cooper, 410349, Pro Se
                    Calvin Felder, 883549, Pro Se
                    Andrew Zeigler, 145163, Pro Se
                    Kevin King, 436156, Pro Se
                    Howard Davis, 459277, Pro Se
                    Daryl Miller, 364127, Pro Se
                    Keith King,436122, Pro Se
                    Ray Kelly, 420394, Pro Se

                    SUFFOLK COUNTY CORRECTIONAL FACILITY
                    100 Center Drive
                    Riverhead, NY 11901

                    Ricky Lynch, 11A4769, Pro Se
                    Leroy C. Jones, 11A4675, Pro Se
                    Dallas Johnson, 11A4679, Pro Se
                    DOWNSTATE CORRECTIONAL FACILITY
                    Box F
                    Red Schoolhouse Road
                    Fishkill, NY 12524-2445
```

Jerry Finch, Jr., 11A3785, Pro Se
CLINTON CORRECTIONAL FACILITY
P.O. Box 2001
Dannemora, NY 12929

Damien R. Small, 11-A-2159, Pro Se
SING SING CORRECTIONAL FACILITY
354 Hunter Street
Ossining, NY 10562

Theodore Davis, Pro Se
22 Bogart Street
Huntington Station, NY 11746

Eddie M. Sims, Pro Se
4 Ronek Drive
Amityville, NY 11701

Felipe Rovelo, 11R1687, Pro Se
GROVELAND CORRECTIONAL FACILITY
P.O. Box 50
Sonyea, NY 14556

Robert Bernhard, Pro Se
104 Highview Dr.
Selden, NY 11784

Donald Bangs, 11R2402, Pro Se
CAPE VINCENT CORRECTIONAL FACILITY
Rte. 12E
P.O. Box 739
Cape Vincent, NY 13618

Edward Keyes, 11R2324, Pro Se
Chester Ingram, 11R2266, Pro Se
MOHAWK CORRECTIONAL FACILITY
6100 School Road
P.O. Box 8451
Rome, NY 13442

Kevin M. Massey, 403942, Pro Se
COLUMBIA CORRECTIONAL INSTITUTION ANNEX
253 S.E. Corrections Way
Lake City, FL 32025

Darryl Issac, Pro Se
P.O. Box 386
Central Islip, NY 11722

```
                    Donnell Stengle, 10R0502, Pro Se
                    WILLARD DRUG TREATMENT CAMPUS
                    7116 County Road 132
                    P.O. Box 303
                    Willard, NY 14588

                    Adam Williams, 348203, Pro Se
                    KIRKLAND RECEPTION & EVALUATION CENTER
                    F1-129B
                    4344 Broad River Road
                    Columbia, SC 29210

                    Thomas Harper, Pro Se
                    6 Linton Ct.
                    West Babylon, NY 11704

                    Dewayne Butler, 110093/039315, Pro Se
                    NASSAU COUNTY CORRECTIONAL CENTER
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     Arlene S. Zwilling, Esq.
                    Suffolk County Attorney
                    P.O. Box 6100
                    H. Lee Dennison Building - Fifth Floor
                    Hauppauge, New York 11788-0099
```

SEYBERT, District Judge:

Presently pending before the Court is the pro se Complaint brought by the above-named present and former inmates at the Suffolk County Correctional Facility ("SCCF") (collectively, "Plaintiffs") pursuant to 42 U.S.C. § 1983 ("Section 1983") complaining about the conditions at the SCCF. The Court finds that the appointment of pro bono counsel is warranted pursuant to 28 U.S.C. § 1915(e)(1).

Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Courts possess broad discretion when determining whether

appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)) (per curiam). The Second Circuit set forth the guiding legal principle as follows:

> First, the district court must 'determine whether the indigent's position seems likely to be of substance.' If this threshold requirement is met: "the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

Rivas v. Suffolk County, Nos. 04-4813, 04-5198, 2008 WL 45406, at * 1 (2d Cir. Jan. 3, 2008) (quoting Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986)). The Second Circuit has explained that these factors are not restrictive and that "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61.

The Court has reviewed Plaintiffs' Complaint and Amended Complaint and the attachments to the Complaints and finds that the appointment of counsel is warranted. The threshold factor of Hodge has been met and upon consideration of the need for assistance in the orderly progression of the case, the balance of factors weigh in favor of appointment of counsel. Accordingly, the Court's pro se office is directed to seek the appointment of pro bono counsel for Plaintiffs forthwith.

4

The Clerk of the Court is directed to mail a copy of this Order to the Plaintiffs.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for the purpose of any appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                              SO ORDERED.


                              <u>/s/ JOANNA SEYBERT</u>
                              Joanna Seybert, U.S.D.J.

Dated:    November <u>22</u>, 2011
          Central Islip New York