UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

MACK BUTLER, DASHAUN SIMS, CLYDE LOFTON,
PAUL ALVER, KEVIN KING, and RICKEY LYNCH,
on behalf of themselves and all others similarly situated,

                                                 *Plaintiffs*,

vs.

SUFFOLK COUNTY, VINCENT F. DEMARCO, in his
individual and official capacity, JOSEPH T. CARACAPPA,
in his individual and official capacity, and JOHN P.
MEYERRICKS, in his individual and official capacity,

                                                 *Defendants.*

-----------------------------------------------------------------------x

11-cv-02602 (JS) (GRB)

DECLARATION OF
COREY STOUGHTON

I, COREY STOUGHTON, make the following declaration under penalty of perjury:

      1.      I am a Senior Staff Attorney and Upstate Litigation Coordinator at the New York Civil Liberties Union ("NYCLU"), where I focus on statewide civil rights and civil liberties impact litigation. I have litigated cases involving racial and economic justice, national security and civil liberties, students' rights, and religious freedom. I am currently lead counsel in *Hurrell-Harring v. State of New York*, 81 A.D.3d 69 (3d Dep't, 2011), a statewide indigent criminal defense reform case. I am also an adjunct clinical professor at NYU School of Law, where I teach a civil rights clinic. I make this declaration in support of Plaintiff's Motion for Class Certification.

      2.      Prior to joining the NYCLU, I was the Karpatkin Fellow at the American Civil Liberties Union, where I litigated a major racial profiling case against the Maryland State Police and worked on various matters related to race discrimination, education reform, and national

security. I also served as the Civil Rights Fellow at Relman & Associates, in Washington, D.C., where I litigated race, gender and disability discrimination cases in employment, lending and the provision of public accommodations. I recently completed a Fulbright research grant, where I studied indigent criminal defense reform measures in Turkey.

3. I graduated with high honors from the University of Michigan in 1998 and *magna cum laude* from Harvard Law School in 2002. After law school, I clerked for the Honorable Cornelia Kennedy on the United States Court of Appeals for the Sixth Circuit.

4. The NYCLU is a not-for-profit, nonpartisan organization with eight chapters and regional offices and nearly 50,000 members across the state. The organization's official mission is to defend and promote the fundamental principles and values embodied in the Bill of Rights, the U.S. Constitution, and the New York Constitution, including freedom of speech and religion, and the rights to privacy, equality and due process of law for all New Yorkers. Accordingly, the NYCLU has long been devoted to protecting the fundamental rights and values embodied in the United States Constitution and the New York Constitution and has extensive experience in litigating federal court class action cases involving civil rights claims.

5. The NYCLU, along with co-counsel Shearman & Sterling LLP, will provide adequate representation to the proposed classes in this litigation. The NYCLU has been engaged in various civil rights actions, including Section 1983 claims on behalf of inmates, since 1951 and has been consistently successful in such litigation, including cases like this one challenging prison conditions. *See, e.g.*, *Hurrell-Harring v. State of New York*, 81 A.D.3d 69 (3d Dep't, 2011) (certifying a class of thousands of indigent criminal defendants challenging New York's broken public defense system); *Ligon v. City of New York*, No. 12-Civ-2274 (S.D.N.Y.) (class action challenging the NYPD's aggressive patrols of private apartment buildings); *B.H. v. City of*

*New York*, CV 10-0120 (E.D.N.Y.) (class action challenging the NYPD's school safety policies and practices); *New York State Ass'n for Retarded Children v. Paterson*, 72 Civ. 356, 357 (E.D.N.Y.) (class action on behalf of disabled children housed by New York state in squalid and inhumane conditions). Indeed, the NYCLU has specific history successfully litigating class actions involving the SCCF in the Eastern District of New York. In 1974, the NYCLU served as class counsel in *Manicone v. Cleary*, No. 74 Civ. 575 (JBW) (E.D.N.Y. 1974), a class action challenging certain conditions of confinement at the SCCF. That case resulted in a consent order that remained in effect for more than two decades, during which time the NYCLU consistently served as counsel to the class in enforcement actions and motions to modify the consent order.

6. My colleague Taylor Pendergrass will also assist in the NYCLU's representation of the Plaintiffs in this action. Taylor Pendergrass is a senior staff attorney at the NYCLU who also focuses on statewide civil rights and civil liberties impact litigation. Prior to joining the NYCLU, he was a staff attorney at the ACLU of Colorado, where he litigated a variety of civil rights and civil liberties cases with a focus on immigrant rights, prisoner rights, and police misconduct. His litigation at the ACLU of Colorado included a challenge to mass arrests made in Denver during the 2008 Democratic National Convention, a lawsuit successfully enjoining a sheriff from retaining thousands of confidential tax files seized from a tax preparer serving the immigrant community, and a class action lawsuit challenging the denial of mental health care and summary corporal punishment of prisoners using restraint chairs in a Colorado county jail. He has also authored and published a comprehensive guide to using Colorado open records laws.

7. Taylor Pendergrass graduated with honors from Duke University in 2000 and with Order of the Coif honors from the University of Colorado School of Law in 2004, where he was awarded the Jonathan B. Chase Human Rights scholarship. He has worked as an organizer

3

for *Pineros y Campesinos Unidos del Noroeste*, a union representing migrant farmworkers in Oregon's Willamette Valley, and he studied international human rights law abroad in Santiago, Chile, and Buenos Aires, Argentina. After law school, he worked as a contract attorney for Boulder County Legal Services and litigated civil rights cases as an associate attorney with Stone, Rosen & Benjamin, P.C., in Boulder.

8. For the foregoing reasons, the NYCLU will bring to this litigation sufficient experience, specialized expertise, and resources to provide adequate representation to the classes.

Dated:   New York, New York
         May 17, 2012

_____
COREY STOUGHTON