UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

MACK BUTLER, DASHAUN SIMS, CLYDE LOFTON,
PAUL ALVER, KEVIN KING, and RICKEY LYNCH,
on behalf of themselves and all others similarly situated,

*Plaintiffs,*

v.                                                                              11-cv-02602 (JS) (GRB)

SUFFOLK COUNTY, VINCENT F. DEMARCO, in his
individual and official capacity, JOSEPH T. CARACAPPA,
in his individual and official capacity, and JOHN P.
MEYERRICKS, in his individual and official capacity,

*Defendants.*

-----------------------------------------------------------------------x

## DECLARATION OF MACK BUTLER

MACK BUTLER, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am currently detained in the Riverhead Correctional Facility ("Riverhead") of the Suffolk County Correctional Facilities, at 100 Center Drive, Riverhead, New York 11901. I have been detained in Riverhead since January 2011 and housed in different housing units, including 4 East-North, 4 South-East, 4 West-South, 3 South-East, and 1 South-West. The statements in this declaration are based on my personal knowledge and describe my attempts to grieve the living conditions in the housing units where I have been incarcerated.

2. The conditions at Riverhead are shocking: the toilets and the showers overflow, the facilities are covered with mold and rust, it is very cold, water leaks from the roof, the drinking water is unsafe, and the food is unsanitary. In my experience and to the best of my knowledge, conditions are uniformly poor throughout the facility. Exposure to the conditions at

1

Riverhead has caused me to suffer intestinal illnesses, skin conditions, respiratory infections, fungal infections, nose bleeds, headaches, blurred vision, and dizziness.

3. Inmates often complain of the conditions at Riverhead, but the Corrections Officers either ignore us or limit our access to avenues of relief.

4. On many occasions, when I request a grievance form from an Officer he first asks me whether my grievance is about the conditions in the facility. Even after I state that I am simply following the facility handbook to grieve a condition, the Officers often refuse to give me the form. If I insist, Officers verbally abuse me and end the conversation.

5. When I do manage to get a grievance form from an Officer and file it, the Officers tell me that they are aware of the problems with deteriorated condition of the facility and assure me that they are aware of the condition and are already "looking into it."

6. For example, on September 2, 2011, I submitted a grievance form stating that I had once again awoken to find that human waste from other inmates had backed-up in my toilet during the evening, causing me great discomfort.

7. On September 5, 2011, I received a Grievance Processing Decision Form, which stated that my grievance had been "resolved" because maintenance had been contacted and asked to "adjust the pressure." An Officer confessed to me that the best they could do was to try and adjust the pressure because the only real solution would require an overhaul of the plumbing system of the entire building which was built in 1970, which clearly has not happened. Despite the acceptance and resolution of my grievance, the plumbing and toilet issues have not been resolved, and I continue to be exposed to other men's waste.

8. On September 7, 2011, I filed another grievance complaining about the plumbing systems and the waste accumulating in my toilet because the problem had not

improved. The grievance form was "returned" to me and the Returned Grievance Form stated that this occurred because my previous grievance had been "resolved."

9. Officers also refuse to accept grievances on the basis that another inmate has already grieved about the same condition.

10. On those rare occasions when I get a written response to my grievance I try to appeal to the Warden. Either these appeals get misplaced or are ignored by the Warden, because I do not get a response from the Warden.

11. In addition to limiting inmates' access to the grievance process as described above, Officers regularly retaliate against inmates who attempt to file grievance forms. On one occasion, in retaliation for my efforts to grieve, Officers have thrown my prayer rug into the toilet. Another time they threw my legal papers all over my living quarters.

12. I have also personally witnessed Officers threatening inmates who inquire about grievance forms. Different forms of retaliations against those who attempt to grieve include: "shakedowns" of living quarters, verbal abuse, refusal of grievance forms, limiting access to the law library, cutting off or limiting recreational time, and serving smaller portions of food.

13. In the 22 months I have spent here at Riverhead, I, along with many other inmates, have filed numerous grievances regarding the unconstitutional conditions. Despite our efforts, the conditions have not improved.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 25 day of October 2012.

_____
Mack Butler

4