```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RICKEY LYNCH, MACK BUTLER, KEVIN KING,
CLYDE LOFTON, PAUL ALVER, and DASHAUN
SIMS, on behalf of themselves and all
others similarly situated,

                    Plaintiffs,           MEMORANDUM & ORDER
                                          11-CV-2602(JS)(GRB)
          - against -

SUFFOLK COUNTY, VINCENT F. DEMARCO,
in his individual and official capacity,
JOSEPH T. CARCAPPA, in his individual
and official capacity, and JOHN P.
MEYERRICKS, in his individual and
official capacity,

                    Defendants.
----------------------------------------X
```

APPEARANCES
For Plaintiffs:      Daniel Hector Rees LaGuardia, Esq.
                     Alexis Scott Berkowitz, Esq.
                     Edward Garth Timlin, Esq.
                     Elizabeth Francoise Johnson, Esq.
                     Melissa Jane Godwin, Esq.
                     Sheila Jain, Esq.
                     Shearman & Sterling
                     599 Lexington Avenue
                     New York, NY 10022

                     Anthony J. Licatesi, Esq.
                     Rubin & Licatesi P.C.
                     591 Stewart Avenue
                     Garden City, NY 11530

                     Erin B. Harrist, Esq.
                     New York Civil Liberties Union
                     125 Broad Street, 19th Floor
                     New York, NY 10004

For Defendants:      Brian C. Mitchell, Esq.
                     Arlene S. Zwilling, Esq.
                     Suffolk County Attorney
                     100 Veterans Memorial Highway
                     Hauppauge, NY 11788

SEYBERT, District Judge:

Pending before the Court is Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R"), recommending that this Court: (1) grant the motion to approve class notice and plan of notice filed by plaintiffs Rickey Lynch, Mack Butler, Kevin King, Clyde Lofton, Paul Alver, and Dashaun Sims, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), and (2) grant the cross motion filed by defendants Suffolk County, Vincent F. DeMarco, Joseph T. Carrappa, and John P. Meyerricks (collectively, "Defendants") to amend the class definitions set forth in the Court's Memorandum and Order dated March 19, 2013. (R&R, Docket Entry 426, at 1.) For the following reasons, the Court ADOPTS Judge Brown's R&R in its entirety as modified by Judge Brown's Electronic Order dated June 29, 2016.

BACKGROUND

The Court assumes familiarity with the factual and procedural background of this matter, which is set forth in detail in its Memorandum and Order dated March 19, 2013 (the "March Order"). See Butler v. Suffolk Cty., 289 F.R.D. 80, 87 (E.D.N.Y. 2013). In the March Order, the Court, inter alia, granted Plaintiffs' motion for class certification and certified the following classes and subclasses:

> (1) [A]n Injunctive Class comprised of all persons who, now or at any time in the future, are or will be detainees or prisoners in the

>custody of the Suffolk County Sheriff's Department and housed in the SCCF [Suffolk County Correctional Facility], with separate subclasses for those persons detained in Riverhead and Yaphank; and
>
>(2) [A] Damages Class comprised of all persons who are or were detainees or prisoners in the custody of the Suffolk County Sheriff's Department and housed in the SCCF and who were or will be released from the SCCF on or after April 5, 2009, with separate subclasses for those persons detained in Riverhead and Yaphank.

Butler, 289 F.R.D. at 103.

On February 10, 2016, Plaintiffs filed a motion to approve class notice and plan of notice pursuant to Federal Rule of Civil Procedure 23(c). (Docket Entry 422.) On February 22, 2016, Defendants filed a cross motion to amend the class definitions set forth in the March Order to exclude all Suffolk County Correctional Facility inmates "who were or have been housed exclusively at the new jail facility in Yaphank, New York." (Docket Entry 424.)

On April 12, 2016, the undersigned referred the pending motions to Judge Brown for an R&R on whether the motions should be granted. (Docket Entry 425.)

On June 15, 2016, Judge Brown issued his R&R. (Docket Entry 426.) The R&R recommends that Plaintiffs' motion and Defendants' cross motion be granted, and that the Court approve

3

Plaintiffs' proposed alternative Notice of Pendency of Class Action. (R&R at 11.)

On June 28, 2016, Plaintiffs filed a letter requesting that the R&R be "minimally modified to clarify that Plaintiffs may perform the mailing of class notice by standard first class mail, rather than certified mail." (Pls.' Ltr., Docket Entry 427, at 1.) Plaintiffs attached a proposed Order stating that the sentence on page seven of the R&R that reads "Pursuant to Settlement Services' recommendation, plaintiffs propose that the Notice packets be distributed to class members via <u>first class certified mail</u>" is modified to read "Pursuant to Settlement Services' recommendation, plaintiffs propose that the Notice packets be distributed to class members via <u>first class mail</u>." (Pls.' Proposed Order, Docket Entry 427-1 (emphasis supplied).) On June 29, 2016, Judge Brown granted Plaintiffs' request to modify page seven of the R&R (the "Modification Order").

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." <u>Urena v. New York</u>, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

4

Objections were due within fourteen (14) days of service of the R&R.  The time for filing objections has expired, and no party has objected.  Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Brown's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety as modified by the Modification Order.  Pursuant to the Modification Order, notice packets shall be distributed to class members by first class mail.  (See Pls.' Proposed Order.)

## CONCLUSION

Judge Brown's R&R (Docket Entry 426) is ADOPTED in its entirety as modified by the Modification Order dated June 29, 2016.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  29 , 2016
       Central Islip, New York