```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MACK BUTLER, DESHAUN SIMS, CLYDE LOFTON,
PAUL ALVER, KEVIN KING, and RICKEY LYNCH,
on behalf of themselves and all others
similarly situated,

                        Plaintiffs,          ORDER on PLAINTIFFS'
                                             MOTION TO SUBSTITUTE
            -against-                        11-CV-2602(JS)(ST)

SUFFOLK COUNTY,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:     Daniel H.R. LaGuardia, Esq.
                    John F. Cove Jr., Esq.
                    George B. Adams, Esq.
                    Shearman & Sterling LLP
                    599 Lexington Avenue
                    New York, New York  10022

                    Erin B. Harrist, Esq.
                    New York Civil Liberties Union
                    125 Broad Street, 19th Floor
                    New York, New York  10004

For Defendant:      Arlene S. Zwilling, Esq.
                    Suffolk County Attorney's Office
                    H. Lee Dennison Building, Fifth Floor
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, New York  11788
```

**SEYBERT, District Judge:**

This is a prisoners' conditions-of-confinement class action suit (hereafter, the "Action") with which the Court assumes the parties' familiarity regarding its relevant background and

procedural history.[1]  Presently before the Court is Plaintiffs' "Motion to Intervene Additional Class Representatives" (hereafter, the "Substitution Motion") (see ECF No. 500; see also Support Memo, ECF No. 501; Reply, ECF No. 514) filed in response to the Court's September 19, 2019 Electronic Order.  Defendant County opposes said Substitution Motion.  (See Opp'n, ECF No. 513-5.)  For the reasons that follow, the Substitution Motion is GRANTED.

Having previewed the parties' cross-motions for summary judgment, on September 19, 2019, the Court entered the following docket text order:

> In its summary judgment motion, the County argues that Plaintiffs' claims are unexhausted and must be dismissed pursuant to the Prison Litigation Reform Act ("PLRA").  The County points out that none of the Representative Plaintiffs filed grievances regarding conditions at the Yaphank Facility and that while one Representative Plaintiff filed a pre-suit grievance concerning the Riverhead Facility, he did not grieve the conditions about which Plaintiffs complain in this action. ([C-Support Memo, ECF No.] 483-29, at 15.)  In response, Plaintiffs contend that the exhaustion requirement does not apply to their claims, that exhaustion was excused because the grievance process was a "simple dead end," that exhaustion was excused because inmates were hindered and intimidated from grieving, and as relevant here, that class members other than the Representative Plaintiffs (with the

---

[1] Terms of art defined in the Court's August 9, 2023 Memorandum & Order ruling upon the parties' Cross-Motions for Summary Judgement (hereafter, the "Cross-Motions Order") (see ECF No. 527) are incorporated herein, familiarity with which the Court assumes. Further, for brevity, the Court will refer to said Cross-Motions for Summary Judgement simply as the "Cross-Motions".

>limited exception of Sims ([P-Opp'n, ECF No.] 488, at 4-5 & n.3)) either properly exhausted under the PLRA or were excused from exhausting because they "are not incarcerated (or [] were not incarcerated at the time of joining the class action)."  (See [P-Opp'n] at 4-6, 13-15, 22.)  Upon review of several complaints that were consolidated into this action, the Court notes that other inmates purport to have filed grievances prior to filing suit.  (E.g., Compl., Case No. 11-CV-5569, [ECF No.] 1, at 2 (Yaphank Facility inmate claiming that he filed a grievance but was not given a response); Compl., Case No. 11-CV-4562, [ECF No.] 1, at 2 (Riverhead Facility inmate claiming that he "[f]iled numerous grievances about the conditions").)  The Court does not pass on the parties' arguments at this juncture.  Rather, to the extent certain class members fully exhausted administrative remedies or "are not incarcerated (or [] were not incarcerated at the time of joining the class action) and are therefore not subject to the exhaustion requirement," the Court directs Plaintiffs to file a motion . . . proposing those class members as substitute class representatives [i.e., the Intervention Motion].

(Sept. 19, 2019 Elec. Order.)  Having ruled on the Cross-Motions (see Cross-Motions Order, ECF No. 527), the Court issues this corresponding order on the Substitution Motion.

Plaintiffs argue that no substitution or addition is necessary (see Support Memo at 1, 13), but, nonetheless, propose as additional Named Plaintiffs and class representatives: (1) Daryl Miller ("Miller") and Kenneth Williams ("Williams") as to the Injunctive Class,; and (2) Richard McMahon ("McMahon") and

Jermaine Yates ("Yates") as to the Damages Class.[2] (See Support Memo at 2.)

In opposition, the County argues neither Miller nor Williams should be substituted as Injunctive Class members since: (1) Miller has not been incarcerated in the SCCF since August 2012, before the March 2013 date when the Class was certified (see Opp'n at 8); and (2) Williams did not fully exhaust his grievance (see id. at 9). It also opposes adding McMahon and Yates as additional representatives of the Damages Class arguing: (3) McMahon is not a class member "because he was not incarcerated in the SCCF in the Damages Class period" (id. at 13-14); and (4) Yates is "not a member of the Riverhead Damages Subclass because he was not incarcerated in Riverhead in the Damages Subclass period" (id. at 14).

In this Circuit, when a question exists regarding the suitability of existing class representatives, it is appropriate to permit the intervention or substitution of named plaintiffs. See Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 253 (2d Cir. 2011) ("[I]f, for some reason it is later determined

---

[2] Plaintiffs had also proposed Robert Reid as a substitute class representative. (See Support Memo at 2.) However, while the Substitution Motion was being fully briefed, Mr. Reid passed away. (See Suggestion of Death, ECF No. 510.) While Plaintiffs originally planned to "substitute the representative or administrator of Mr. Reid's estate as a named party in this action" (Feb. 28, 2020 Letter, ECF No. 511), they ultimately determined not to do so. (See Nov. 1, 2021 Letter, ECF No. 523, at 2.)

by the court that the representative Plaintiffs are inadequate, the court could substitute another class plaintiff for the representative plaintiff in question or simply allow the remaining representative Plaintiffs to proceed with the class action."). Indeed, "the Second Circuit's preferred approach where the named plaintiff is no longer an adequate class representative is to afford plaintiffs' counsel a reasonable period of time for the substitution or intervention of a new class representative." Monaco v. Michael Hogan, Ph.D., No. 98-CV-3386, 2016 WL 3212082, at *2 (E.D.N.Y. June 8, 2016) (internal quotations and citations omitted); see also, e.g., McAnaney v. Astoria Fin. Corp., No. 04-CV-1101, 2007 WL 2702348, at *13 (E.D.N.Y. Sept. 12, 2007). "Intervention 'should be liberally allowed,' especially since members of a class are normally bound by the judgment in the class action." Guadagna v. Zucker, No. 17-CV-3397, 2021 WL 4150802, at *5 (E.D.N.Y. July 9, 2021) (quoting Diduck v. Kaszycki & Sons Contractors, Inc., 149 F.R.D. 55, 57-58 (S.D.N.Y. 1993) (citing Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1799)), report and recommendation adopted by 2021 WL 4147420 (E.D.N.Y. Sept. 13, 2021). This is so because "a class has a legal status separate from the named plaintiff;" therefore, "should the class representative become inadequate, substitution of an adequate representative is appropriate to protect the interests of the class." In re Currency Conversion Fee Antitrust Litig., MDL

No. 1409, M 21-95, 2005 WL 3304605, at *3 (S.D.N.Y. Dec. 7, 2005) ("Moreover, where it appears that a named plaintiff 'is unable adequately to represent the class, [the court has] ample power under Rule 23(c) and (d) to replace him.'" (quoting Billet v. Storage Tech. Corp., 72 F.R.D. 583, 587 (S.D.N.Y. 1976)) (collecting cases).

Here, considering its Cross-Motions Order and having considered the papers submitted in support of and in opposition to the Substitution Motion, the Court grants the Substitution Motion to the extent that Plaintiffs may add the proposed class members as Named Plaintiffs. The Court's reasoning is elaborated below.

The Court finds the County's argument against the substitution of Miller unavailing. As an initial matter, as Plaintiffs argue, in certifying the Classes in this Action, the Court "rejected the exact argument the County makes here," i.e., that Miller is not a member of the Injunctive Class. (Reply at 5-6 (citing 2013 Order, 289 F.R.D. at 91-92 & n.5 (rejecting County's argument that certain Plaintiffs no longer incarcerated at SCCF at the time of the class certification motion lacked standing to seek injunctive relief)).) Instead, the Court noted "it is the date of the complaint, not the date of the certification motion, that is relevant." 2013 Order, 289 F.R.D. at n.5. Since Miller was incarcerated when his complaint was filed, he has standing to request injunctive relief and is a member of the

Injunctive Class.  In any event, as the Court stated in its Cross-Motions Order, because the Court has determined that grievances such as Williams' regarding the Facilities' toilets were not within the Warden's control, they also were not subject to exhaustion. (See Cross-Motions Order at 67-70.)

Similarly, the County's contention that Williams cannot serve as a class representative because he did not exhaust his grievance is both unpersuasive and disingenuous.  As Plaintiffs highlight, pursuant to the SCCF's grievance procedure, a grievance -- such as Williams' -- that was "accepted" cannot be appealed; therefore, the County's reliance upon Williams' failure to sign the "accepted" grievance is specious.  Indeed, in its Cross-Motions Order, the Court found this grievance procedure illusory, thereby excusing exhaustion.  (See Cross-Motions Order at 71-73.)

And, to the extent the County argues McMahon and Yates cannot serve as Damages Class representatives because they were not incarcerated during the Damages Class period, that argument lacks merit.[3]  Rather, as countered by Plaintiffs, and as supported

---

[3] While the Court would like to believe this is simply a misapprehension by the County, it hesitates to reach that conclusion in light of "orders by this Court and other courts in this District consolidating cases by inmates incarcerated at the SCCF after the Class Certification Order with this class action." (Reply at 7; see also id. at n.10.)  As the Plaintiffs' astutely observe, "it would have been nonsensical, and the Court did not intend, to assign these plaintiffs to a class that excluded them." (Id.)  If anything, the County's position appears disingenuous given that "the County itself affirmatively sought consolidation

by the record: "This position is inconsistent with the language of the [Class Certification] Order, the Class Notice, and the subsequent course of litigation." (Reply at 6.) Indeed, "[a]s the Class Notice published in 2016 made clear, the certified Class in this action consists of '[a]ll persons who are or, at any time since April 5, 2009, have been detained and housed in the SCCF.'"[4]

---

of the Benloss complaint[, Case No. 16-CV-3930,] with the Butler class action on the basis that the 'complaint alleges mold exposure on June 20, 2016 while [plaintiff] was housed in the Dormitory South 3 location.'" (Id. (quoting Benloss v. Warden of Yaphank Corr. Facility, No. 16-CV-3930, Mot. To Consol. Cases, ECF No. 19, at 1); see also Benloss, No. 16-CV-3930, Consolidation Order, ECF No. 21, at 2 n.1 (stating class definitions).)

[4] Regarding McMahon, the Court rejects the County's contention that "McMahon is not a member of the Damages Class since he was not in the SCCF at any time between March 12, 2002 and July 5, 2013" (Opp'n at 10 (citing Bogert Decl. ¶¶7, 8)), because the County's own submission shows that McMahon was, indeed, housed at both Riverhead and Yaphank at various times between July 2013 and early 2019. (See McMahon Incarceration Audit, ECF No. 513-3; see also McMahon Decl., ECF No. 515, ¶2 (averring to being detained in Yaphank Facility in or around 2015 and 2016 for approximately 10 months and being briefly detained at the Riverhead Facility during that period).) Hence, McMahon may be added as a representative for both Damages Subclasses.

Similarly, as to Yates, the County's contention that "Yates is not a member of the Riverhead Damages Subclass because he was not assigned to housing in Riverhead during the class period" (Opp'n at 10 (citing Bogert Decl. ¶¶11, 12)), is rejected because the County's own submission shows that Yates was, indeed, housed at Riverhead three different times in 2009 and 2010, which is within the Damages Class Period: (1) from May 1, 2009 to May 12, 2009; (2) from August 2009 to August 20, 2009; and (3) from October 31, 2010 to November 1, 2010. (See Yates Incarceration Audit, ECF NO. 513-4; see also Yates Decl., ECF No. 503, ¶2 (averring to having been detained in the Yaphank Facility "on and off during the period of approximately 2006-2011, for a total of approximately 24 months, including approximately six months after April 2009" and having been detained at the Riverhead Facility "during that

(Id. at 6-7 (quoting Proposed Alternative Class Action Notice, ECF No. 423-2, approved by Court in 2016 Adoption Order, ECF No. 428).) As such, the County's opposition to the substitution by or addition of McMahon and Yates as Damages Class representatives based upon its interpretation that the Damages Class period ended in March 2013 is inapposite to the Court's definition of the Damages Class and the language the Court approved for Class Notice and, therefore, fails to sustain the County's Opposition.

***

Accordingly, **IT IS FURTHER ORDERED** that Plaintiffs' Substitution Motion (ECF No. 500) is GRANTED to the extent that they may add: (1) Williams and Miller as Named Plaintiffs for the Injunctive Class; and (2) McMahon and Yates as Named Plaintiffs for the Damages Class.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   August 9, 2023
         Central Islip, New York

---

time period for approximately four months, including approximately two months after April 2009").)  The County does not dispute that Yates is a member of the Yaphank Damages Subclass who, thus, may represent that Subclass.  Hence, Yates may be added as a representative for both Damages Subclasses.