UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MACK BUTLER, DESHAUN SIMS, CLYDE
LOFTON, PAUL ALVER, KEVIN KING, and
RICKEY LYNCH, on behalf of themselves and all
others similarly situated,

                                **ORDER**
        Plaintiffs,                  CV 11-2602 (JS)(AYS)

   -against-

SUFFOLK COUNTY,

        Defendant.
-------------------------------------------------------------X
**SHIELDS, United States Magistrate Judge:**

      Upon review of counsels' correspondence, the Court declines to order additional inspections of the facilities prior to trial. Plaintiffs do not dispute that their expert was entitled to conduct an hours-long visit, which included visual inspections, the taking of photographs, and the testing of various systems. The extensive documents that have been (and are to be) provided to Plaintiffs include several reports that will reveal the timing of building and HVAC maintenance, as well as sanitation and pest control. Any observations made by Plaintiffs' expert that indicate maintenance or painting conducted just prior to the inspection can be referenced in Plaintiffs' expert report, along with any other observations. Subject to the rulings of the District Court, the finder of fact will be allowed to make any appropriate inferences that flow from such observations.

      While Plaintiffs' expert was certainly entitled to conduct their inspection of the facilities, they were not entitled to ask personnel any factual questions. Such questions are properly asked only in the context of responses to interrogatories and/or the taking of testimony in the presence of counsel. In view of the ongoing production of documents referenced above, it is doubtful that any additional discovery as to this issue will be necessary or required by this Court. The Court

has reviewed the affidavits of counsel and makes no finding as to the precise content of conversations that took place among counsel during their pre-inspection meetings and declines to conduct a hearing as to those conversations. Any such hearing is not necessary to reach the ruling herein and will unduly delay this already protracted litigation. The Court reiterates that Plaintiffs' expert is free to include in their report any information, within their area of expertise, regarding their inspection, including the results of tests and observations and conclusions regarding the timing of maintenance. Further, subject to any rulings of the District Court at trial, Plaintiffs' fact witnesses may testify as to the conditions of their confinement during the class period, including any changes in those conditions that took place just prior to the recent inspections. In view of the foregoing, Plaintiffs' motion to compel is denied.

**SO ORDERED.**

Dated: Central Islip, New York
June 25, 2024

/s/ Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge