```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
MACK BUTLER, DESHAUN SIMS,
CLYDE LOFTON, PAUL ALVER,
KEVIN KING, and RICKEY LYNCH,
on behalf of themselves and all
others similarly situated,

                    Plaintiffs,        MEMORANDUM & ORDER
                                       11-CV-2602(JS)(ST)
        -against-

SUFFOLK COUNTY,

                    Defendant.
-----------------------------------X

APPEARANCES
For Plaintiffs:      Daniel H.R. LaGuardia, Esq.
                     John Nathanson, Esq.
                     Elizabeth J. Stewart, Esq.
                     Benjamin Klebanoff, Esq.
                     ALLEN OVERY SHEARMAN & STERLING US LLP
                     599 Lexington Avenue
                     New York, New York  10022

                     Christopher T. Dunn, Esq.
                     Amy Belsher, Esq.
                     Gabriella Larios, Esq.
                     Veronica R. Salama, Esq.
                     NEW YORK CIVIL LIBERTIES UNION
                     125 Broad Street
                     New York, New York  10004

For Defendant:       E. Christopher Murray, Esq.
                     Michelle A. Klein, Esq.
                     Elizabeth S. Sy, Esq.
                     Caitlyn M. Gibbons, Esq.
                     Joseph Niczky, Esq.
                     RIVKIN RADLER LLP
                     926 RXR Plaza
                     Uniondale, New York  11556
```

SEYBERT, District Judge:

The instant class action case is premised upon Plaintiffs' complaints related to alleged conditions-of-confinement to which they had and have been subjected while pretrial detainees and/or inmates of the Suffolk County Correctional Facilities (hereafter, the "Action"). The Court assumes the parties' familiarity with the factual background giving rise to this Action. See generally Butler v. Suffolk County, No. 11-CV-2602, 2023 WL 5096218 (E.D.N.Y. Aug. 9, 2023) (hereafter, the "Summary Judgment Order") (ECF No. 527); Butler v. Suffolk County, No. 11-CV-2602, 2023 WL 5095432 (E.D.N.Y. Aug. 9, 2023) (hereafter, the "Substitution Order") (ECF No. 528); see also Butler v. Suffolk County, 289 F.R.D. 80 (E.D.N.Y. 2013) (ECF No. 375) (hereafter, the "Certification Order") (granting class certification; establishing an Injunctive Class (with subclasses) and a Damages Class (with subclasses)).[1] Accordingly, the Court proceeds to address Plaintiffs' request to bifurcate the currently scheduled February 2025 trial. (See Bifurcation Motion, ECF No. 617; see also Support Memo, ECF No. 618; Omnibus Support Decl.,

---

[1] Familiarity with terms of art defined in the Summary Judgment Order, Substitution Order, and Certification Order is assumed. Herein, the Court may use said terms of art. For convenience, the Court reiterates it will refer to pretrial detainees and post-conviction inmates simply as "inmates". (See, e.g., Summary Judgment Order, 2023 WL 5096218, at *1 n.2.)

ECF No. 625; Opp'n, ECF No. 630; Reply, ECF No. 643.)  For the reasons that follow, the Bifurcation Motion is **GRANTED**.

DISCUSSION

I. Applicable Law:  Rule 42(b)

Under Rule 42(b) of the Federal Rules of Civil Procedure, a district court has the discretion to order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b); see also Vichare v. AMBAC, Inc., 106 F.3d 457, 467 (2d Cir. 1996) ("The interests served by bifurcated trials are convenience, negation of prejudice, and judicial efficiency.").  The decision to bifurcate a trial "is within the sound discretion of the Court."  Dollman v. Mast Indus., Inc., No. 08-CV-10184 (WHP), 2011 WL 3911035, at *2 (S.D.N.Y. Sept. 6, 2011) (citing Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d Cir. 1999)); see also In re Sept. 11 Litig., 802 F.3d 314, 339 (2d Cir. 2015) ("Decisions to bifurcate trials . . . are authorized by Federal Rule of Civil Procedure 42(b) and are typically well within the discretion of district courts.").  "Bifurcation is the exception, not the rule," Computer Assocs. Int'l, Inc. v. Simple.com, Inc., 247 F.R.D. 63, 67 (E.D.N.Y. 2007) (collecting cases), and the burden of demonstrating whether bifurcation is warranted "falls squarely on the party seeking bifurcation." Doe 1 v. United States Twirling Ass'n, Inc., No. 22-CV-05399 (OEM) (ST), 2024 WL 1858230, at *2 (E.D.N.Y. Apr. 28, 2024)[] (quotations and citations omitted); see also Miller v. Arab Bank, PLC, No. 18-CV-02192 (HG) (PK), 2022 WL 5264899, at *1 (E.D.N.Y. Sept. 26, 2022) ("Bifurcation is the exception, not the rule, and the party seeking bifurcation shoulders the heavy burden of establishing that bifurcation is warranted."); Moody v. CSX Transportation, Inc., 271 F. Supp. 3d 410, 433 (W.D.N.Y. 2017) (same).  This is because "[a]

> single trial tends to lessen the delay, expense and inconvenience to all concerned." Dollman, 2011 WL 3911035, at *2. "[J]uries 'routinely' determine punitive damages alongside liability." Farghaly v. Potamkin Cadillac-Buick-Chevrolet-Geo, Ltd., No. 18-CV-11106, 2021 WL 4267656, at *2 (S.D.N.Y. Sept. 20, 2021) (Nathan, J.).

Sohnen v. Charter Commc'ns, Inc., No. 18-CV-6744, -- F. Supp. 3d --, 2025 WL 25418, at *11 (E.D.N.Y. Jan. 3, 2025). Determining whether to bifurcate is made on a case-by-case basis. See Doe 1 v. U.S. Twirling Ass'n, Inc., No. 22-CV-5399, 2024 WL 1858230, *2 (E.D.N.Y. Apr. 28, 2024) (quoting Lewis v. City of N.Y., 689 F. Supp. 2d 417, 429 (E.D.N.Y. 2010)).

II. Application

In seeking bifurcation, Plaintiffs argue it will efficiently resolve the Action since "the questions necessary to resolve liability for both the Injunctive and Damages Classes are common and separable from the questions necessary to resolve damages for the Damages Class." (Support Memo at 4.) Moreover, "resolving liability first will also allow for the interests of the Injunctive Class to be served most efficiently." (Id.) Plaintiffs maintain "establishing liability, i.e., that the class members were exposed to inhumane prison conditions, will establish the right to both injunctive relief and damages" and "[o]nce that determination has been made, only the question of the measure of damages will remain." (Id. at 5.) Then, assuming bifurcation,

"the Damages Class may seek both general damages on a class-wide basis and/or special damages based on the unique harms suffered by particular class members." (Id.) However, since "the question of the County's liability for the conditions in the SCCF is [a] common one posed by all members of both Classes, regardless of what relief they seek, it should be resolved promptly." (Id. at 6.) Likewise, if Plaintiffs fail to establish the County's liability "any potentially complex damages-focused proceedings would be moot." (Id.)

    To the extent the County seeks decertification of the Classes, based upon its contention that all compensatory damages are precluded by the PLRA, Plaintiffs argue a jury can "decide whether to award general damages to class members irrespective of the PLRA." (Id. at 7 (quoting Holland v. City of N.Y., 197 F. Supp. 3d 529, 537 (S.D.N.Y. 2016); further citation omitted).) Further, regardless whether class members are entitled to general damages or special compensatory damages, "it would still be most efficient to resolve the issue of liability first before considering any damages . . . ." (Id. at 8.) Hence, according to Plaintiffs, bifurcating the trial should assuage "the County's concern that any special damages determinations [would] require too many individualized inquires to merit classwide treatment." (Id. (citing Jacob v. Duane Reade, Inc., 293 F.R.D. 578, 593 (S.D.N.Y. 2013), aff'd 602 F. App'x 3 (2d Cir. 2015)).)

Additionally, Plaintiffs advance a due process argument in support of their Bifurcation Motion. (See Support Memo at 8-10.) They contend that finally determining the Damages Class will not occur until the issue of liability is determined. (See id. at 8 ("With injunctive relief arising out of a finding of liability at trial, the Damages Class will be closed . . . .").) At that point, "the members of the Damages Class who can claim monetary damages . . . ." will be known. (Id.) Yet, here, due to the extended period of time the Damages Class has been open, during which time new members have been added, not all Damages Class members may be aware of their right to opt out of the Class[2] since formal notice to Damages Class members was last provided in December 2016, with an April 2017 opt-out deadline, and new members have been added since that deadline. (Id. at 9.) Therefore, a subset of the Damages Class members exist whose due process rights might be affected by the lack of notice regarding their right to opt out of the Class (hereafter, the "Unnoticed New Members"). But, if the trial is bifurcated, there will be time to ensure the Unnoticed New Members receive proper notice of their opt out

---

[2] Damages Class members may choose to opt out of the Class "to produce their own evidence of injury and unique exposure to particularly unconscionable conditions in the County's jails". (Id.)

rights, thereby eliminating due process concerns.[3] (Id. at 9 ("Determining liability before damages would protect the fundamental rights of damages class members; the trial would only resolve whether the serious conditions within the County's jails are unconstitutional and would not bind them to a specific monetary judgment, thus protecting their due process rights."); see also id. at 10.) Thus, Plaintiffs request bifurcation, with the first phase of the trial focusing on resolving the issue of the County's liability. (See id. at 10.)

While it filed an opposition to the Bifurcation Motion, the County's resistance to bifurcation is not squarely directed to the bifurcation of the liability phase from the damages phase; rather, a fair reading of its Opposition shows Defendant's argument focuses primarily upon the damages phase, itself, i.e., Plaintiffs' claims to "general damages" as well as compensatory damages. (See Opp'n at 1.) Indeed, the County does not meaningfully dispute Plaintiffs' contentions that bifurcation will efficiently resolve this Action.

Defendant takes the initial position that, pursuant to the PLRA, Plaintiffs are not entitled to compensatory damages absent showing physical injury resulting from the conditions-of-confinement to which they were subjected. (See id. at 1-2 (arguing

---

[3] Plaintiffs make clear this is not an issue for members of the Injunctive Class. (See id. at 10.)

"a jury must determine if a plaintiff suffered physical injury before it can determine if the conditions of confinement violated the Eighth Amendment").) Therefore, according to the County, the liability phase should not be bifurcated from the damages phase. (See id.) Second, the County asserts Plaintiffs are seeking damages for emotional injury under the guise of "general damages" which is not permitted by the PLRA. (See Opp'n at 2-3.) Therefore, it contends "the trial should not be bifurcated to allow the jury to consider 'general damages.'" (Id. at 4.) Both arguments are unavailing.

Having considered the record and the Parties' arguments, the Court finds bifurcating the trial into a liability phase and a damages phase is warranted in this instance. It is undisputed that the threshold issue in this Action is whether the conditions-of-confinement at the SCCF violated the Class Members' Constitutional rights. However, contrary to the County's position advanced in opposition to bifurcation that the jury must determine whether Plaintiffs suffered physical injury before it can determine whether the conditions-of-confinement violated the Eight Amendment, "[a]n Eighth Amendment claim may be based on a defendant's conduct in exposing an inmate to an unreasonable risk of future harm and that actual physical injury is not necessary in order to demonstrate an Eighth Amendment violation." Smith v. Carpenter, 316 F.3d 178, 188 (2d Cir. 2003) (emphasis added); see

also Burke v. Pillai, No. 3:14-CV-1680, 2015 WL 1565413, at *5 (D. Conn. Apr. 8, 2015) (finding, in assessing a prisoner's pro se § 1983 complain pursuant to 28 U.S.C. § 1915A(b), the claim of "exposure to a risk of infection might form the basis of an Eighth Amendment violation; citing Smith). Hence, Plaintiffs need not establish physical injuries to establish Defendant's liability. Therefore, the County's first argument against bifurcation is without merit.

  Moreover, as Plaintiffs plainly stated: "In the event the trier of fact determines that the conditions that have been present within the SCCF are not constitutionally deficient, that would end this [A]ction." (Reply at 1.) Conversely, only if the conditions-of-confinement are found to violate the Class Members' Constitutional rights will the Action proceed; as Plaintiffs suggest: "[T]hen the Court can proceed to address what remedial actions the County must take and set next steps for awarding" damages. (Id.; see also id. at 5-7 (suggesting methodology for determining damages).) Further, to the extent Plaintiffs assert any damages-focused proceedings will likely be complex in this Action, given it is a class action with a large Damages Class and sub-classes, the Court agrees. This, too, weighs in favor of bifurcating in this instance.

  At bottom, in the absence of the County persuasively opposing the bifurcation of the liability phase from the

relief/damages phase,[4] and given the idiosyncratic facts and procedural posture of this Action, especially the due process considerations of the Unnoticed New Members articulated by Plaintiffs and to which the County remained silent (see Opp'n, in toto; cf. Reply at 5), the Court finds bifurcation is warranted. Indeed, at a minimum, if the liability phase of this Action is not bifurcated from the relief/damages phase, the Unnoticed New Members will be prejudiced, which factor the Court finds to weigh heavily in favor of bifurcation in this case.  Moreover, the Court finds availing Plaintiffs' argument that bifurcation "will promote efficiency because the questions necessary to resolve liability for both the Injunctive and Damages Classes are common and separable from the questions necessary to resolve damages for the Damages Class."  In that vein, the Court finds this is not a case where "liability and damages are so intertwined that bifurcation would be impractical."  Doe 1, 2024 WL 1858230, at *3 (citing Lewis, 689 F. Supp. 2d at 428).  Just the opposite.  Relatedly,

---

[4]  The County did not meaningfully address the factors courts generally consider when determining whether to grant bifurcation. (See Opp'n, in toto); cf. Computer Associates, 247 F.R.D. at 67 ("To determine whether bifurcation is warranted, courts generally consider the following three factors: '1) whether significant resources would be saved by bifurcation, 2) whether bifurcation will increase juror comprehension, and 3) whether bifurcation will lead to repeat presentations of the same evidence and witnesses.'" (quoting WeddingChannel.Com Inc. v. The Knot, Inc., No. 03-CV-7369, 2004 WL 2984305, *1 (S.D.N.Y. Dec. 23, 2000); further citation omitted)).

the Court is persuaded by Plaintiffs' further contention that bifurcation will "allow for the interest of the Injunctive Class to be served most effectively." (Support Memo at 4.) Indeed, assuming liability is established, bifurcation should expedite the implementation of injunctive relief for members of the Injunctive Class, thereby reducing further prejudice they would suffer from having to wait for the resolution of a non-bifurcated trial.

Finally, to the extent the Parties dispute Plaintiffs' claims to general damages, that argument is premature. If liability is established, the County may oppose Plaintiffs' claim that they are entitled to general damages based upon Constitutional deprivations of liberty and personal rights, via a motion in limine, before the damages trial commences. However, its position regarding Plaintiffs' claims to general damages, at this juncture, is not a basis to deny Plaintiffs' Bifurcation Motion. Relatedly, if liability is established, Plaintiffs may seek further bifurcation of the damages trial. (See, e.g., Reply at 5-7 (proposing methodology for managing damages phase of litigation).)

[Remainder of page intentionally left blank.]

CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Bifurcation Motion (ECF No. 617) is **GRANTED**. Therefore, the trial scheduled to commence on February 10, 2025, shall be limited to the determination of liability only.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   January 22, 2025
         Central Islip, New York