# A&O SHEARMAN

599 Lexington Avenue
New York, NY 10022-6069
Tel: +1.212.848.4000
Fax: +1.212.848.7179

benjamin.klebanoff@aoshearman.com
212.848.7316

**ENDORSED ORDER re: PLAINTIFFS' CLARIFICATION MOTION** (see below)

**Via CM/ECF**

January 24, 2025

Hon Joanna Seybert
Hon. Anne Shields
United States District Court, Eastern District of New York
100 Federal Plaza, Central Islip, NY 11722

RE: *Butler v. Suffolk County*, No. 11-cv-02602 (JS) (AYS)
Letter for Clarification Regarding and Depositions of County's Belatedly Disclosed Witnesses

Dear Judge Seybert and Judge Shields:

At the final pretrial conference today, the Court granted in part Plaintiffs' motion in limine to preclude the County from calling as trial witnesses its belatedly disclosed witnesses. For context, after the close of discovery, the County disclosed five trial witnesses who have not been deposed, and one of whom never appeared on the County's pretrial disclosures until September 2024. Three of the five witnesses—Joseph Morris, Jeff Stafford, and Dominque Aprile—are alive, while two—Thomas Barrett and John Lowry—are deceased. The Court's Minute Order and comments during hearing suggest the County will be permitted to elicit testimony from Messrs. Morris, Aprile, and Barrett. *See* ECF No. 680 at 5. The Court noted during the hearing that the ruling related to Mr. Aprile was, in part, tied to Judge Shields' ruling allowing the photographs that he took to be used as trial exhibits.

Plaintiffs respectfully request the Court clarify whether the Court intended to allow testimony from all three of the County's living, belatedly disclosed witnesses (since Mr. Barrett remains deceased), and, if so, requests leave to depose those living witnesses (*i.e.*, Messrs. Aprile, Morris, and Stafford) prior to permitting their trial testimony.

As set forth in Plaintiffs' motion, during the initial discovery period, Plaintiffs had repeatedly sought to depose Mr. Stafford and otherwise sought and received the assurances from the County that Plaintiffs had deposed everyone whom the County intended to call to testify at trial. ECF No. 645 at 3–5. The County only disclosed Mr. Aprile as a witness in September 2024, following the completion of supplemental discovery. *Id.* at 5–6. Plaintiffs requested that, in the event the Court permitted trial testimony from these belatedly disclosed witnesses, Plaintiffs be allowed to depose them before trial. *See id.* at 8–9. The Court did not address that aspect of Plaintiffs' motion. *See* ECF No. 680 at 5.

**AOSHEARMAN.COM**

Allen Overy Shearman Sterling US LLP is a limited liability partnership organized under the laws of the State of Delaware. Allen Overy Shearman Sterling US LLP is affiliated with Allen Overy Shearman Sterling LLP, a limited liability partnership registered in England and Wales with registered number OC306763 and with its registered office at One Bishops Square, London E1 6AD.  It is authorized and regulated by the Solicitors Regulation Authority of England and Wales (SRA number 401323).  The term partner is used to refer to a member of Allen Overy Shearman Sterling LLP or an employee or consultant with equivalent standing and qualifications.  A list of the members of Allen Overy Shearman Sterling LLP and of the non-members who are designated as partners is open to inspection at its registered office at One Bishops Square, London E1 6AD.
AMERICAS/2024443729.4

January 24, 2025

      With a few weeks left before trial, there is still sufficient time for Plaintiffs to take the depositions of the belated disclosed witnesses to learn the scope of their testimony and avoid any unfair surprise that would otherwise result. *E.g.*, *McEnery v. City of N.Y.*, 2007 WL 1574013, at *2–3 (S.D.N.Y. May 29, 2007) (concluding that plaintiff should be given opportunity to depose late-identified witnesses); *Lesser v. Wildwood*, 2003 WL 22228757, at *3 (S.D.N.Y. Sept. 29, 2003) ("Defendants are, however, under an obligation to cure any prejudice suffered by the plaintiffs as a result of defendants' violation of their discovery obligations. . . . Discovery will be reopened in order to provide plaintiffs an opportunity to depose [the undisclosed witnesses]."). The alternative would simply reward the County's extremely belated disclosure. Plaintiffs foresee that these depositions would be short, and could be conducted through remote technology, consistent with other depositions in this case.

      For the foregoing reasons, Plaintiffs' respectfully request the Court clarify the scope of its ruling regarding the County's belatedly disclosed witnesses.

Respectfully submitted,

*/s/ Benjamin Klebanoff*
Benjamin Klebanoff


**ENDORSED ORDER:**

Upon consideration of Plaintiffs' instant Clarification Motion (ECF No. 682), said Motion is **GRANTED**. The County may call: (1) Joseph **Morris**; (2) Jeff **Stafford**; and (3) Dominick **Aprile** (hereafter, the "Late-Identified County Witnesses"), but **ONLY IF** the Late-Identified County Witnesses are first produced for depositions as requested by Plaintiffs in the instant Clarification Motion. (See also Reply, ECF No. 645.) If a Late-Identified County Witness is **NOT** produced for deposition, the County shall be precluded from calling that individual as a witness. Further, the County is "to cover all expenses, including witness and attorney travel . . . , incurred in connection with such depositions." Tirado v. Shutt, No. 13 CV-2848, 2015 WL 6866265, at *10 (S.D.N.Y. Nov. 9, 2015); (see also Reply, ECF No. 645, at 8-9). This is "without prejudice to any later application for an attorneys' fee award in the event that Plaintiff[s] prevail[]on the merits of [their] claims." Id. at *10 n.12.

**SO ORDERED** this 27th day of January 27, 2025 at Central Islip, New York.

                                                 _/s/ JOANNA SEYBERT_____
                                                 Joanna Seybert, U.S.D.J., E.D.N.Y.