UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MACK BUTLER et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>SUFFOLK COUNTY,<br><br>Defendant. | Case No. 11-cv-02602 (AYS) |

# [~~PROPOSED~~] FINAL JUDGMENT

This matter came before the Court for hearing pursuant to the application of Mack Butler, Dashaun Sims, Clyde Lofton, Paul Alver, Kevin King, Richard McMahon, Daryl Miller, Kenneth Williams, and Jermaine Yates (collectively "Lead Plaintiffs") for final approval of the settlement set forth in the Stipulated Settlement Agreement and Proposed Order, as filed with the Court on May 22, 2025, as reflected in ECF No. 731. The Court has considered all papers filed and proceedings held herein and is fully informed of these matters. For good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined, herein shall have the same meanings as in the Settlement Agreement, enclosed as Exhibit 1, except the definition of "Original Lead Plaintiffs" means Plaintiffs Paul Alver, Mack Butler, Kevin King, Clyde Lofton, and Dashaun Sims.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

1

3.  The notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, have been satisfied.

4.  Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the settlement set forth in the Settlement Agreement on the basis that the settlement is fair, reasonable, and adequate as to, and in the best interests of, all Class Members, and is in compliance with all applicable requirements of the Federal Rules of Civil Procedure. In reaching this conclusion, the Court considered the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) and those in *Moses v. N.Y. Times Co.*, 79 F.4th 235, 242-46 (2d Cir. 2023). In particular, the Court concludes that:

    a.  The Lead Plaintiffs adequately represented the Class;

    b.  Class Counsel adequately and properly represented the Class;

    c.  The settlement set forth in the Settlement Agreement was fairly and honestly negotiated by counsel with significant experience litigating complex litigation and was the result of arm's-length negotiations undertaken in good faith, with the involvement of the Court;

    d.  This Action involves numerous contested and serious questions of law and fact, such that the value of an immediate settlement including monetary and injunctive relief outweighs the mere possibility of future relief after protracted and expensive litigation, and that such relief is adequate under the circumstances and that the settlement relief treats Class Members equitably;

   e. Success in complex cases such as this one is inherently uncertain, and there is no guarantee that continued litigation would yield a superior result; and

   f. The Class Members' reaction to the settlement set forth in the Settlement Agreement, including the minimal number of Opt-Outs (defined below) and objections to the Settlement Agreement, is entitled to great weight.

  5. The distribution of Notice to all Class Members who could be identified through reasonable effort and the publication of the Summary Notice satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled to notice.

  6. The prospective relief described and called for in the Settlement Agreement is narrowly drawn, extends no further than necessary to correct the alleged violations of federal rights, and is the least intrusive means necessary to correct these alleged violations, and thus complies with 18 U.S.C. § 3626(a).

  7. Those persons identified in Exhibit 2 hereto, *i.e.*, those who have requested exclusion from the Settlement Class ("Opt-Outs"), are excluded from the Settlement Class for all purposes, are not bound by this Final Judgment and may not make any claim or receive any benefit from the Settlement Agreement, provided that the following Class Members who lodged objections to the settlement, Damien O'Brien, Curtis Prussick, and Michael Chait, shall be provided thirty (30) days from the date of this Final Judgment to opt out of the Settlement Class—if they fail to opt out within that period, then this Final Judgment shall be binding to them and they shall not be considered to be listed in Exhibit 2 hereto, but if they do opt out then they shall be considered as if they are listed in Exhibit 2.

8. This Final Judgment otherwise incorporates the entire Settlement Agreement including all of its exhibits and the Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions. The Parties are directed to consummate the settlement according to the terms of the Settlement Agreement.

9. The Court's consideration and approval of the settlement is independent of the Court's consideration and approval of the expense and service awards, except that the Court has approved Class Counsel's proposals for such expense and service awards and found that the settlement is fair and reasonable accounting for those awards. Any appeal or challenge respecting any award shall in no way disturb or affect the finality of this Final Judgment.

10. There is no just reason for delay in the entry of this Final Judgment. The Clerk of the Court is directed to enter this Final Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure immediately.

**SO ORDERED.**

Date: 11/6/25

/s/ Anne Y Shields, MJ
Hon. Anne Y. Sheilds
United States Magistrate Judge