Arthur L. Brown
C/O: 639 Exchange Street
 Attica, NY 14011-0149
 DIN# 24-B-2173



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 30 2026 ★

LONG ISLAND OFFICE

RE: Butler v. Suffolk Count, 11-cv-2602
Horrendous Living Conditions

Anne Shields-U.S. Magistrate Judge
100 Federal Plaza
Central Islip, NY 11722

## REQUEST FOR PERMISSION TO FILE A LATE CLAIM

Your Honor:

Upon this request, and the attached Declaration, I, Arthur L. Brown, hereby request that the Court grant me permission to File a Late Claim with the claims administrator for the purpose of claiming my rightful portion of the settlement/award from the above listed case.

Dated: March 25, 2026

Respectfully submitted,

*Arthur L. Brown*

Arthur L. Brown/Plaintiff Petitioner

RECEIVED

MAR 3 0 2026

EDNY PRO SE OFFICE

Arthur L. Brown
C/O: 639 Exchange Street
     Attica, NY 14011-0149
     DIN# 24-B-2173

RE: Butler v. Suffolk County, 11-cv-2602
Horrendous Living Conditions

PLAINTIFFS DECLARATION IN SUPPORT OF HIβ
REQUEST FOR PERMISSION TO FILE A LATE CLAIM

Arthur L. Brown states:

Pursuant to 28 U.S.C. §1746, I, Arthur L. Brown, hereby declares under penalty
of perjury that the following facts are true and correct.

1. I am eligible to claim a portion of the settlement/award from the Butler case
because I was primarily housed at Riverhead Correctional Facility (RCF), under the
very same horrendous living conditions asserted in Butler, between January 14, 2022,
and October 7, 2022.

2. I am currently in the custody of the Department of Corrections and Community
Supervision (DOCCS) being housed at Attica Correctional Facility at the above listed
address.

3. I make this Declaration in support of my Request for Permission to File a Late
Claim.

BACKGROUND

4. On July 19, 2021, I was transfered NIC, on Rikers Island, to the Nassau County
Correctional Center (NCCC) to be alternatively housed there on a Substitute Jail Order
(SJO).

5. On January 14, 2022, after spending six(6) months at the NCCC, I was transfered
to the custody of the Suffolk County Sheriff to be housed, on a SJO, at RCF. Because of
the pandemic protocols and restrictions, I was first quarantined at Yaphank Correctional

Facility for about 7-10 days.

6. On October 7, 2022, after spending 267 days in the custody of the Suffolk County Sheriff, housed primarily at RCF, the SJO was cancelled and I was returned to Rikers Island and the custody of the New York City Department of Corrections (DOC).

7. I remained in the custody of the DOC until being transfered to the custody of DOCCS on May 23, 2024, and housed over night at Greenhaven Corr. Fac.

8. On May 24, 2024, I arrived at Elmira Corr. Fac. and remained there until being transfered to Attica Corr. Fac. on August 2, 2024. I have been housed at Attica Corr. Fac. since my arrival on August 2, 2024.

9. My first time ever hearing anything about the Butler case and settlement/award was on February 27, 2026, from another prisoner here at Attica. The prisoner in question was only himself made aware of the Butler case and settlement/award back in November, 2025, by a prisoner that he knows from Long Island who transfered to Attica at that time from another jail.

10. Upon my being made aware of the Butler case and settlement/award, I have diligently attempted to file my claim as follows:

11. On February 28, 2026, I had my brother go online as I was instructed to do to file my claim (i.e., google Suffolk County Jails, enter Horrendous Living Conditions) and every attempt to file was rejected due to the December 3, 2025, deadline to file.

12. On March 2, 2026, I called the Claims Administrator @ (833) 420-3826. Upon being connected I was asked for my claim identification number. Upon informing the administrator that I never received a claim number I was asked for mailing address. Upon providing my current address (i.e., 639 Exchange Street) I was told that it was incorrect and I was asked for another address. Upon stating 501 New York Avenue (i.e., my last address prior to being arrested on May 7, 2019) this address to was rejected as invalid.

13. On or about March 4, 2026, I mailed out a letter to the Law Firm of A & O SHEARMAN, @ 599 Lexington Ave., New York, NY 10022. In said letter I identified myself, my current state of imprisonment, and my timeline of imprisonment as asserted in paragraphs 4-8 above. I further explained the facts stated above in para. 9-12, I made it clear that I wanted to file a late claim, and I requested to be furnished with information on the process of doing so.

14. On March 16, 2026, after not receiving any response to my letter, I called A & O SHEARMAN (@ (212) 848-4000) and was connected with a Mr. Benjamin Klebanoff. Mr. Klebanoff refused to speak to me over a recorded line and told me that he would set up a legal call. He then instructed me to write if I had any questions. In response I informed him of the letter I sent on or about 3/4/26 and Mr. Klebanoff ensured me that he may know where said letter would be. Following this we disconnected our call and I awaited Mr. Klebanoffs legal call.

15. On or about March 22, 2026, I received a letter from Mr. Klebanoff dated 3/17/26. this letter stated;

"Thank you for your correspondence inquiring about the claim process in the Butler v. Suffolk County class action. Unfortunately, the deadline for claim submissions has passed, and we are unable to authorize the claims administrator to disregard the Court imposed deadline for claim submission. While we understand you believe you were insufficiently alerted to the settlement, notice of the settlement was disseminated pursuant to a Court approved process."

16. Following receipt of the foregoing letter, on March 23, 2026, I reached out to Mr. Klebanoff at his office. Mr. Klebanoff once again refused to speak to me over a recorded line and told me he would set up a legal call. Upon reminding Mr. Klebanoff that I had spent the last week awaiting a legal call from him, I was scolded on the difficulties of setting up such a call then the line was disconnected.

17. After disconnecting with Mr. Klebanoff on 3/23/26, I placed a call to District

Court Judge Joanna Heybert @ (631) 712-5610 and was greeted by a male clerk. After giving a brief description why I was calling I was informed that the case had been transfered to Magistrate Judge Anne Shields.

18. Upon disconnecting with Ms. Seyberts clerk on 3/23/26, I placed a call to Judge Anne Shields @ (631) 712-5710 and was greeted by a female clerk. After briefing her on my reason for calling, the clerk instructed me to write to Judge Shields to explain my situation and to request her permission to file a late claim with the claims administrator.

ARGUMENT

19. Prior to the settlement being reached in the Butler case, I was never made aware of the existance of the case or its cause of action. After the settlement was reached, I was never served a notice of settlement or a claim number and form.

20. To the best of my own knowledge, upon information, belief, and my own past experiences with prisoners rights class action suits, if a person who is eligible to be a class member has remained in custody, albeit in a jurisdiction other than the one that the claim arose in, he is supposed to receive a notice of settlement and claim form at the jail that he is being confined to at the time that the notices and claim forms are sent out. Furthermore, prior to such notices being sent out, a specific person or agency is usually charged with the task of determining which eligible class members remain incarcerated and which ones were released, to ensure that each one receives a timely notice.

21. According to both, the claims administrator and class counsel, not only am I an eligible class member, but I was also incarcerated at Attica Corr. Fac. prior to, and at the time that, a settlement was reached and the notices and claim forms were sent out to eligible class members.

4/5

22. Had I received a notice of settlement and/or a claim number and form, I would have certainly chose to opt in as a class member by timely filing my claim with the claims administrator.

CO                                          CONCLUSION

WHEREFORE, I respectfully request that the Court grant my request for permission to file a late claim with the claims administrator on the grounds that it was due to no fault of my own that I did not file a claim before the Court imposed deadline. I further request that the Court direct the claims administrator to provide me with a valid claim identification number, and a process for filing a late claim with them to claim my entitled portion of the Butler v. Suffolk County (2:11-cv-2602) case for my being subjected to horrendous living conditions at Riverhead Corr. Fac. between January 14, 2022, and October 7, 2022.

I, Arthur L. Brown, am the declarant herein, and the party eligible to claim a portion of the Butler settlement that is making the request for permission to file a late claim with the claims administrator. I hereby swear under penalty of perjury that the foregoing facts are true and correct to my own knowledge and belief, except as to facts therein stated to be alleged upon information and belief, and as to those facts I believe them to be true to the best of my own knowledge and belief.

Dated: March 25, 2026

Respectfully submitted,

Arthur L. Brown/Declarant

C/O: 639 Exchange Street
     Attica, NY 14011-0149
     DIN# 24-B-2173

Arthur Brown

c/o: **ATTICA CORRECTIONAL FACILITY**
BOX 149
ATTICA, NEW YORK 14011-0149
DIN #
NAME: 24-B-2173 ——— DIN:

**CERTIFIED MAIL**

9589 0710 5270 2562 5985 34

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 30 2026 ★

LONG ISLAND OFFICE

ATTICA
CORRECTIONAL FACILITY

quadient
03/27/2026
US POSTAGE $001.03⁰
ZIP 14011
041M11471730

ATTICA
CORRECTIONAL FACILITY

quadient
03/27/2026
US POSTAGE $008.95⁰
ZIP 14011
041M11471730

3/30

ATTN: HONORABLE Anne Shields
U.S. MAGISTRATE JUDGE
100 FEDERAL PLAZA
CENTRAL ISLIP, NY 11722

"LEGAL MAIL URGENT BUSINESS"
"PLEASE DELIVER TO JUDGE SHIELDS
ABSENT UNDUE DELAY IN PROCESS"

27 MAR 2026PM 2
ROCHESTER NY 144

PLACE STICKER AT TOP OF ENVELOPE, THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

# NEW YORK STATE
## DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
## INCARCERATED INDIVIDUAL CORRESPONDENCE PROGRAM

NAME: 24-B-2173     DIN:_____

DIN# 24-B-2173
"LEGAL MAIL URGENT"

95/

Printed On Re